ALLEN
v.
CLARK.

LARKIN v. WILBURN, in Error.

Saturday,
November 13.

---

ALLEN v. CLARK and Others.

The settlement of an administrator's accounts in the Probate Court is, *prima facie*, correct; and a Court of chancery will not interfere with it, except in clear cases of mistake or fraud.

ERROR to the *Franklin* Circuit Court.

Saturday,
November 13.

BLACKFORD, J.—Bill in chancery by the heirs of *Clark* against *Allen*, surviving administrator of *Clark*. The record shows that *Clark* died in 1816; that letters of administration were granted to *Allen*, *Bell*, and *H. Clark;* and that *Allen* was the acting and surviving administrator. It is shown that *Allen*, in 1819, made a settlement of his accounts in the Probate Court; that a balance was found in his favour of 318 dollars and 90 cents; and that, in 1820, he received that sum in payment from *H. Clark*, one of the other administrators. The bill charges mistakes and frauds in the defendant's accounts, and prays a

Nov. Term, 1830.

decree for the amount in his hands. The answer denies all fraud, and avers the account as settled in the Probate Court to be correct. The Circuit Court tried the cause upon bill, answer, and exhibits, and rendered a decree in favour of the complainants for 745 dollars and 58 cents.

It is contended by the plaintiff in error, that the Court of chancery has no jurisdiction in this case. In this he is mistaken. The settlement of accounts in the Probate Court is an *ex parte* proceeding, and ought not to preclude all future investigation of the subject. The Probate Court, however, is a Court of record, specially invested by the legislature with jurisdiction in these cases, and its decisions are entitled to great respect. An account, settled in that Court, whilst the facts are of recent date, is *prima facie* correct. The Court of chancery can only interfere in clear cases of mistake or fraud; and the complainant must be held to strict proof. In this case, there are a few obvious mistakes, which it is proper to correct; but we are of opinion that the principal charges in the bill are not sufficiently supported. The result of our investigation of the cause is, that the decree of the Circuit Court should have been in favour of the complainants for the sum of 214 dollars, together with the costs of suit.

*Per Curiam.*—The decree, as to 214 dollars and the costs, is affirmed; and as to the residue, the decree is reversed.

*M'Kinney* and *Caswell*, for the plaintiff.
*Morris*, for the defendants.