Nov. Term,
1835.

Ray and Wife *v.* Doughty and Another, Administrators.—
In error.

Ray
v.
Doughty.

Wednesday,
December 2.

THE final settlement of the accounts of executors and administrators in the Probate Court is considered *prima facie* correct; and the settlement can only be interfered with by a Court of Chancery in very clear cases of mistake or fraud. *Allen* v. *Clark,* 2 Blackf. 343.

The administrator of an administrator is not administrator of the first intestate, nor has he a right to administer any of the goods of such intestate; but it is his duty to make a settlement with the Probate Court, of the business done by his intestate in the first administration.

If one of the co-administrators of an estate die, the administrator of the deceased is the proper person to pay any balance due to the estate from such co-administrator, and the surviving co-administrator is the proper person to receive it.

It appeared, on the settlement of an estate in the Probate Court, that the payments which had been made by the administrator, amounted to 3,010 dollars. *Held,* that an allowance to the administrator of 180 dollars, as commissions, was not objectionable as being too high.

The Probate Court, on the settlement of an estate of which *A.* and *B.* were administrators, had charged *A.* with only 3,010 dollars, although the inventory and sale-bill signed by both the administrators amounted to a much larger sum. *Held,* that the record of the Probate Court, in the absence of all proof except the inventory and sale-bill, was conclusive proof that the sum charged to *A.* was the whole amount that had come into his hands to be administered.

An executor may be passive, by not obstructing his co-executor from obtaining the assets, without making himself responsible even to the creditors of the testator. *Langford* v. *Gascoyne,* 11 Ves. 333.

The widow and administratrix of *A.,* being in the 19th year of her age, received from her co-administrators *B.* and *C.* certain goods as her legal portion of her deceased husband's estate. *Held,* that in case the widow committed a devastavit of the goods, and it be considered that *B.* and *C.*, by the delivery of them to her, had contributed to that devastavit, *B.* and *C.*

may be liable to the creditors of the intestate for such delivery of the goods, but they cannot be liable for it to the widow herself.

*Held*, also, that whilst the letters of such infant administratrix remained unsuspended and unrevoked, the payments made to her by the debtors of the intestate, and the delivery of goods of the estate to her by her co-administrators, are to be considered in the same light as if her authority were undisputed. 1 Williams' on Ex'rs. 371.

The granting of letters of administration is a *judicial* act, and where the Court granting them has jurisdiction, individuals and Courts of justice are bound to respect the authority of the letters, and to presume *omnia rite acta. Westcott* v. *Cady,* 5 Johns. Ch. R. 334.

An administratrix took into her possession a part of the assets with the knowledge of her co-administrator, and converted them to her own use. *Held,* that though the administratrix was a minor, her co-administrator was not liable for the devastavit.

An administrator is liable for any interest he may have collected on the debts due to the estate.

A Court of Chancery may take the opinion of a jury as to any of the facts in controversy between the parties, whenever it thinks proper to do so.