Nov. Term,<br>1840.

RANSOM<br>v.<br>POMEROY.

---

RANSOM *v.* POMEROY, Administrator.

If two partners be indebted for goods sold and delivered, and one die in the lifetime of the other, the administrator of the deceased partner may, by statute, be sued at law for the debt.

ERROR to the *Marshall* Circuit Court.

BLACKFORD, J.—Assumpsit. The declaration states that *Evan B. Hobson* and *Niles Gregory*, trading in the name of *Hobson & Gregory*, were indebted to the plaintiff for goods sold and delivered in the sum of 300 dollars, and in consideration thereof promised to pay, &c.; that *Hobson* afterwards died, and the defendant is his administrator, *Gregory* being still living; that payment has not been made, &c. General demurrer to the declaration and judgment for the defendant.

The defendant contends that this suit could only be sustained against the surviving partner; and that is, no doubt, the common law. Bac. Abr. tit. Obl. D. 4. But our statute has changed the law on this subject. On the death of *Hobson*, the plaintiff had his choice either to sue *Gregory* or the administrator of *Hobson*. The circumstance that this is an unwritten contract does not, we think, make any difference. The defendant is the representative of *Hobson*, who was

*Tuesday,*<br>*November* 24.

Nov. Term, 1840.

jointly bound with *Gregory* for the payment of a debt; and to such a case the statute applies.   R. S. 1838, p. 358.

*Per Curiam.*—The judgment is reversed with costs, to be levied, &c.   Cause remanded, &c.

J. B. Niles, for the plaintiff.

J. S. Newman, for the defendant.