May Term,
1850.

DAVIS
v.
WALFORD.

---

DAVIS and Another, former Administrators of WALTER, *v.* WALFORD, Administrator *de bonis non* of WALTER. — In Error.

Administrators are not liable for the mismanagement of their co-admi-nistrators, where they are not themselves in any manner culpable.

THIS was a petition in the *Harrison* Probate Court by *Walford,* administrator *de bonis non* of the estate of *Wal-ter,* deceased, against *Davis* and *Yeager,* former, but re-moved administrators. The petition charges them with the reception of 151 dollars, belonging to *Walter's* estate, for which they had not accounted. *Davis* made default.

*Yeager* answered as follows: As to the 151 dollars, he denies that the same "ever came to his hands as such administrator, or in any other way, either separately or jointly with his co-administrator, *Davis*. He admits that he was present when said sum was paid to *Davis*, but had nothing to do with the reception of it, nor did it, nor any part of it, ever come to his hands, or in any manner under his control. He knows nothing of the giving of any credits as stated in the petition; but he admits that there was a balance owing said estate from the person who paid *Davis* the 151 dollars, of about 41 dollars; and that he and his co-administrator agreed that said person so owing said balance should pay the same to *Walford*, the petitioner, in discharge of a debt the estate owed said *Walford*, and that said person executed to *Walford* a note for said amount, for which said administrators took a receipt as for so much money paid *Walford*, and that they charged themselves with, and accounted for, said 41 dollars," &c.

The cause was submitted to the Court upon the petition, the default of *Davis*, and the answer of *Yeager*, and a decree was rendered against both the defendants for the 151 dollars.

This decree was wrong. Administrators are not liable for the mismanagement of their co-administrators, where they are not themselves in any manner culpable. An administrator may be passive without being chargeable. *Yeager* is not shown to have been more than this. He could not have prevented the payment of this money to *Davis*, nor compelled the payment of it to himself; and he is not shown to have directed, or positively assented to, its payment to *Davis*. His participating in the arrangement of the balance of the debt cannot affect the case. *Langford* v. *Gascoyne*, 11 Ves. 333, is in point. See, also, *Ray* v. *Doughty*, 4 Blackf. 115.—*Call* v. *Ewing*, 1 id. 301.

The decree is reversed with costs. Cause remanded, &c.

*W. A. Porter*, for the plaintiffs.

*C. Dewey*, for the defendant.