THE STATE on the relation of RICHARDVILLE, Administrator, *v.* BRUTCH.

If, by mistake, an item chargeable against an administrator, be not litigated or examined in a suit upon his bond, and not embraced in the judgment, it may be recovered in another action on the same bond.

APPEAL from the *Knox* Circuit Court.

Thursday, June 2.

HANNA, J.—This was a suit by an administrator, against the surety of a former administrator of the same estate, upon a bond given by him to enable him to sell real estate.

The answer averred that the former administrator had legally and fully administered the assets which had come to his hands, &c., with the exception of 892 dollars, for which sum a judgment had theretofore been recovered against said defendant and his co-surety, &c., which had been fully paid, &c., and that it was the same cause, &c.

The reply admitted the recovery and payment of the judgment, &c., but averred that at the time said suit was

instituted and judgment recovered, the reports, vouchers, &c., of said administrator, as made to, and received by the Common Pleas Court, showed a balance in the hands of said administrator of 892 dollars, and no more, for which sum, and no other, said suit was brought and judgment recovered; and that after the rendition of said judgment, such proceedings were had in said Common Pleas Court (to which defendant was a party), that one item and voucher of credit of 1,125 dollars, before that time allowed upon the credit side of the account of said administration, was thereby disallowed and rejected, which left the balance due from said administrator 2,017 dollars, 31 cents, and that the sum of 1,125 dollars was not examined or litigated in said former suit upon said bond, &c.

A demurrer was filed to said reply, alleging that it did not state facts sufficient, &c., which was sustained and exception taken. Judgment for the defendant.

This ruling presents the only question in the case.

We are of opinion that the reply was sufficient. The case of *Byrket* v. *The State*, 3 Ind. R. 248, is very much in point. In that case a recovery was permitted of items by mistake left out of a former judgment, in a suit on the same bond. In the case at bar, it is averred that the matter for which this suit was brought was not litigated or examined in the former suit. In other words, the reply, in effect, sets up that this suit is not for the same cause of action determined in that suit. See *Brandon* v. *Judah*, 7 Ind. R. 546.

The approval of the report of the administrator, and the allowance of the credit and voucher presented by him, by the Common Pleas Court, was *prima facie* correct, but not conclusive, when made in the course of his administration, and without adversary proceedings. The correctness thereof might be inquired into upon a proper case made. *Allen* v. *Clark*, 2 Blackf. 343.—*Brackenridge* v. *Holland*, id. 377. *Murdock* v. *Holland*, 3 id. 114.— *Sherry* v. *Sansberry*, 3 Ind. R. 320. But in the case at bar, it is affirmatively alleged that such inquiry was not made in the former suit upon the bond, even if it could have been done in that proceeding.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

S. *Judah*, for the state.