*R. Brackenridge*, for appellant.

*W. H. Coombs* and *J. Morris*, for appellees.

———————

BRAXTON, Administrator of THROOP, *v*. THE STATE ex rel. ALBERT, Administrator of JOHNSON.

PARTIES—JOINT CONTRACTS.—At common law, the legal representative of a deceased partner, or other joint obligor, could not be sued at law jointly with the surviving copartner or co-obligor, the survivor alone being liable to an action at law. But under the code the rule is otherwise, and in

Braxton, Adm'r of Throop *v.* The State ex rel. Albert, Adm'r of Johnson.

an action on an executors' bond the representatives of a deceased joint obligor may be joined with the surviving co-obligor.

DECEDENTS' ESTATES—CLAIMS.—Section 66 of the act relating to the settlement of decedents' estates, 2 G. & H. 503, which provides that claims against estates shall be filed in the Court of Common Pleas, does not apply to cases where the legal representative of a deceased joint obligor is a proper or necessary party defendant in an action against the survivor.

LIABILITY FOR DEFAULT OF CO-EXECUTOR.—An executor or administrator is not, as a general rule, liable for the default of his co-executor or co-administrator, but if the action be upon their joint bond, then he is liable.

APPEAL from the *Orange* Common Pleas.

ELLIOTT, J.—This is a suit upon an executor's bond. The facts disclosed by the complaint are, in substance, as follows:

*William Johnson* and *John T. Throop* were the executors of the last will of *Joseph Johnson,* deceased, and as such were duly qualified, and executed the bond sued on, with *Daniel Dayhuff, Henry T. Moxley, Zeno W. Coffin* and *Patrick Dougherty,* as their sureties. The bond is joint and several, and is in the penalty of $12,000, and conditioned for the faithful discharge of said trust by the executors. Before a final settlement of the estate said *Throop* and *William Johnson,* the executors, and *Dayhuff,* one of the sureties, died.

*John C. Albert,* the relator below, was duly appointed administrator *de bonis non,* with the will annexed, of said *Joseph Johnson,* deceased, and brought this suit against *Hiram Lindley,* administrator of *William Johnson, Thomas N. Braxton,* administrator of *Throop, Jonathan Lindley,* administrator of *Dayhuff,* and the said *Moxley, Coffin* and *Dougherty,* the surviving sureties, to recover moneys belonging to the estate of said *Joseph Johnson,* deceased, unadministered in the hands of said *William Johnson* and *Throop,* as such former executors, at the time of their death. *Hiram Lindley, Braxton* and *Jonathan Lindley,* the administrator defendants, appeared and filed their separate demurrers to the complaint, on the ground that the complaint did not state

facts sufficient to constitute a cause of action against them respectively. The court overruled the demurrers, to which proper exceptions were taken. The said defendants then moved the court to strike their respective names from the record as defendants, for the reason that the action was upon a joint bond, entered into by said *Johnson, Throop* and *Dayhuff*, deceased, with said defendants, *Coffin, Moxley* and *Dougherty*, who are surviving, and that they are not liable to be sued as administrators of said deceased obligors jointly with said survivors. But the court overruled said motion. They then answered separately, by a general denial. *Moxley* and *Dougherty* were duly served with process, and, failing to appear, were defaulted. The process was returned "not found," as to *Coffin*, and the suit, as to him, was continued.

The issue made by the defendants *Lindley* and *Braxton*, was tried by a jury, and resulted in a finding for the plaintiff. A motion for a new trial was overruled, and judgment rendered on the verdict of the jury.

*Braxton*, as administrator of *Throop*, alone appeals, the other defendants below refusing to join.

The first question presented, arises upon the ruling of the court below in overruling the demurrer of *Braxton*, the appellant, to the complaint.

It is insisted by the appellant that, as administrator of *Throop*, one of the former executors, he is not liable to be sued jointly on the bond with *Moxley, Coffin* and *Dougherty*, the surviving sureties.

It was undoubtedly the rule at common law, that the legal representative of a deceased partner could not be sued at law jointly with the surviving copartner. In such cases the survivor alone could be sued at law, and the legal representative was only liable in a court of equity. The reason for the rule, both in this country and in *England*, originally, was that the surviving partner primarily succeeded to all the assets and property of the partnership, and that the creditors should therefore be compelled at law to look to

the surviving partner alone for payment, leaving the representatives of the deceased partner only liable in equity, after the remedy against the survivor had been exhausted. This rule has been adhered to by most of the *American* courts. But, under the recent decisions in *England*, the representatives of the deceased partner may be proceeded against in equity in the first instance, without any previous resort to the surviving partner, or any evidence of his insolvency. In an early decision in this State, this court adhered to the rule recognized by the leading *American* cases. *Brown* v. *Benight*, 3 Blackf. 39. The same rule seems to have been applied to other joint obligations, though the reason for the rule is not applicable.

Under the revisions of 1831 and 1838, of this State, the personal representative of a deceased joint obligor might be sued separately, in the first instance, without showing that the remedy against the survivor had been exhausted. And this provision applied to partnerships. *Ransom* v. *Pomeroy*, 5 Blackf. 383. But we find no such express provision in our present code. It has, however, abolished the distinction between actions at law and suits in equity. And it also provides that "any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved." 2 G. &. H., § 18, p. 46.

It was manifestly the intention of the legislature, in the adoption of the code, by abolishing the old forms and the distinction between actions at law and suits in equity, in requiring that all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, and in the adoption of the section just quoted as to who may, or must, be joined as defendants, to afford, as far as possible, a simple and direct means of bringing all the parties having an interest in the controversy before the court, and of settling all their rights in a single litigation, and thereby to avoid a multiplicity of suits.

Here, *William Johnson* and *Throop*, two of the deceased obligors, were the executors and principals in the obligation, whilst *Moxley*, *Coffin* and *Dougherty*, the surviving obligors, are only the sureties of the former. It is clear that if the surviving sureties were compelled to pay the amount by a separate suit against them, the estates of their defaulting principals would be liable to them for the amount so paid; and we see no valid reason, and do not think that one exists, why the representatives of the deceased executors should not be joined in the suit against their surviving sureties, and their estates thereby made directly liable for the amount of their own defalcation. It avoids a multiplicity of suits, and we think it clearly in accordance with the principle and spirit of the code.

The bond in suit is in terms joint and several, and the plaintiff might have treated it as a several obligation, and brought a separate action against each of the defendants. But he has elected to treat it as a joint obligation, and has brought his suit against all the surviving obligors, and the legal representatives of those who are deceased; it must, therefore, for the purposes of this discussion be treated as a joint obligation.

We are aware that the Court of Appeals of *New York*, in the case of *Voorhis et al.* v. *Child's Executor*, 17 N. Y. 354, under a code containing provisions similar to our own, held that the personal representatives of a deceased partner could not be joined as a party defendant with the surviving partner, in an action for a partnership debt, where the complaint did not show the plaintiff's inability to procure satisfaction from the survivor. The decision is placed principally on these grounds: *First.* That the surviving partner succeeds, primarily, to all the rights and interests of the partnership, and has the entire control of the partnership property, and the sole right to collect the partnership dues. And, *secondly*, because the constitution and code of practice of that State preserves the distinction, in the mode of trial,

Braxton, Adm'r of Throop, *v.* The State ex rel. Albert, Adm'r of Johnson.

between actions at law and suits in equity; the former being triable by jury and the latter by the court. Neither of these reasons applies to the case under consideration. This is not a suit on a partnership liabilty, where the assets of the partnership could pass to the survivor. And under our constitution and code of practice, all actions are alike triable by jury.

It is also insisted by the appellant that he is improperly joined in this action, because, under the statute, demands against the estate of a decedent are required to be filed in the Court of Common Pleas, and if not admitted by the executor or administrator, are to be placed on the issue docket for trial, and therefore it is urged that he is not liable to be sued jointly with a surviving obligor.

The provision of the statute referred to is found in the act relating to the settlement of decedents' estates, 2 G. & H. § 66, p. 503, and not in the code of practice, and whether it provides the exclusive mode of trial upon claims upon the decedent alone we need not now determine, as we think it does not apply in cases like the present, where the legal representative of a deceased joint obligor is a proper or necessary party defendant in an action against the survivor.

But it is urged as an objection to the complaint that a copy of the will of *Joseph Johnson,* deceased, should have been filed with the complaint. The will is not the foundation of the action, nor has it a material legal relation to it. The action is brought by the administrator *de bonis non,* under the authority of an express statute, on the bond of the executors, the former representatives of the deceased, and not by the legatees under the will.

Another reason urged for the reversal of the judgment is, that the evidence shows that *Johnson,* the co-executor, survived *Throop,* and that all the assets of the estate came into the hands of *Johnson,* and that he alone, and not *Throop,* is responsible for them, That the finding of the jury, therefore, against the appellant, as the administrator of *Throop,*

is not supported by the evidence, and the court erred in overruling his motion for a new trial.

It has been repeatedly held by this court, that in a suit against co-executors or co-administrators, one is not responsible for the assets received by the other, but that each is alone responsible for the assets received by him. 1 Blackf. 301; 4 *id.* 115; 2 Ind. 88. In all these cases the suits were against the executors or administrators individually, and not on their official bonds.

Here the suit is on a bond executed by both the executors and their sureties, jointly. It is conditioned that they shall both faithfully discharge the duties of their trust. And though, as between themselves, or in an action against them jointly, but not on their bond, one is not responsible for the defalcation of the other, yet the question arises whether, in an action against them and their sureties on a joint bond, given by them under the statute, to secure a faithful execution of their trust, they do not stand in the relation of sureties for each other? No brief has been filed by the appellee. We are not referred to any authority on the point, and we have not been able to find an adjudicated case involving the question.

It is a joint obligation, and its condition has been broken by a failure to pay over or account for the assets of the estate, and we can conceive of no valid reason why all the obligors are not liable. The condition is that both the executors shall faithfully discharge the duties of their trust; one of them fails, and the condition is thereby broken, and it seems to us that, in accordance with the principle that governs in parallel cases, all must be responsible for the consequences, in a suit on the bond.

We are, therefore, of the opinion that the evidence sustains the finding of the jury.

The judgment is affirmed, with one per cent. damages and costs.

*J. Collins, F. Wilson* and *A. M. Black,* for appellant.

*A. J. Simpson,* for appellee.