## COLLINS ET AL., GUARDIANS, *v.* TILTON, EXECUTOR.

DECEDENTS' ESTATES.—*Allowance to Administrator or Executor.—How Made.*— The allowance to an executor or administrator, for his services in the settlement of his decedent's estate, can not be fixed by him, but can be made by the proper court only on his filing the statement, and in the manner, required by section 148 of the act of June 17th, 1852, "providing for the settlement of decedents' estates," etc. 2 R. S. 1876, p. 545.

SAME.—*Resisting Allowance.*—Such an allowance, made by the court by its approval of a partial settlement report of an executor or administrator, wherein he merely credits himself with a certain sum for his services, without notice to the heirs or legatees, is not conclusive on them, and may be objected and excepted to, and disproved, by them, on the filing of his final settlement report.

SAME.—*Evidence.*—Where objection and exception are so made, it is the duty of the court to hear evidence on behalf of the heirs or legatees, disproving or reducing such allowance.

SAME.—*Allowance by Former Judge.*—The fact that such allowance had been so made by a former judge of the court, by a mere approval of a partial report wherein an allowance for services had been so claimed as a credit, is no reason why a subsequent judge of such court should refuse to hear evidence in regard to the same.

From the Jefferson Circuit Court.

*J. Roberts, S. A. Huff, J. W. Nichol* and *B. G. Birney,* for appellants.

*R. Cravens,* for appellee.

HOWK, J.—At the September term, 1873, of the court below, Mark Tilton, executor of the last will of John King, deceased, submitted to the court his written report, duly verified, in partial settlement of the estate of said decedent. In this report, the executor, among other credits, claimed the following: "Allowance to executor, $1,500." The report was examined and approved by the court below. At the November term, 1873, of said court, the appellants moved the court to strike out from said report the item of allowance to executor, $1,500, and also excepted to said report on account of said allowance. It does not appear that any action was then taken by the court below, either on appellants' motion to strike out or their exceptions.

Afterward, at the March term, 1874, of the court below, the appellee made his report in final settlement of said decedent's estate. And thereupon the appellants renewed their former motion to strike out the item of allowance to executor of $1,500, and also their exceptions to said report of the September term, 1873, on account of said allowance. The motion and exceptions were severally overruled by the court below, and were made parts of the record by proper bill of exceptions. And said final report was fully approved, and it was finally ordered by the court below, that the appellee be discharged from the duties of his trust, as such executor; to all which proceedings and orders of the court the appellants, on behalf of the heirs and legatees of said decedent, at the proper time excepted.

The errors assigned by the appellants, in this court, call in question the validity of the "allowance to executor," which the appellee claimed as a credit, in the settlement of his testator's estate, and the correctness of the decisions of the court below on the several exceptions and motions of the appellants, in regard to said allowance.

Our law contemplates, that an executor or administrator shall receive a just compensation or allowance, and

nothing more, for his services in the settlement of his decedent's estate. He may not, however, as it would seem the appellee did in this case, fix the value of his services, or determine for himself the amount of his allowance. He must present his claim for his services, in the form prescribed by the statute, to the court having jurisdiction of his decedent's estate; and upon such claim, so presented, and upon satisfactory evidence, the proper court may allow him a just compensation for his services.

The compensation of an executor or administrator, for his services in the settlement of his decedent's estate, is governed by the provisions of section 148 of the act providing for the settlement of decedents' estates, etc., approved June 17th, 1852, which section reads as follows:

"SEC. 148. Every executor and administrator shall make out at the final settlement of the estate committed to his trust, a full statement of his services, to the truth of which he must take and subscribe an oath thereto attached, and the court, after examining him and any other person under oath touching such services, may allow such executor or administrator such compensation as it may deem just." 2 R. S. 1876, p. 545.

It is said by appellee's learned counsel, that "this 148th section is rather directory than otherwise." If it be directory merely, it contains wise and prudent directions, which, in our opinion, it behooves the courts, having original jurisdiction of decedents' estates, to enforce a strict compliance with. But we need not decide, in this case, whether this section of the statute is directory or mandatory in its terms.

The "allowance to executor," as we have seen, was approved by the court below, in a partial settlement of the estate. Of course, this allowance, thus made, without notice to the heirs or legatees, was not conclusive in its character upon any of the parties interested in the estate of the decedent. *Goodwin* v. *Goodwin*, 48 Ind. 584.

When the appellee presented to the court below his

final settlement report, for approval and allowance, the appellants appeared and presented their exceptions to said partial settlement report, and to the item of allowance to executor therein, as follows:

"1st. Said report is not a final report;

"2d. Said report is not accompanied with any statement under oath of the amount of time spent by said executor in the service of said estate, and the value of his time, and no bill of particulars is filed as to the value of said services as executor, and the number of days he was employed in the service of said estate, or statement under oath, or not under oath, of the same.

"3d. Said allowance of fifteen hundred dollars is an unreasonable allowance to said executor, as a large amount of said estate, as appears by the former reports and inventory, was in cash, bonds and stocks, and the balance of said estate was in real estate, which was sold under said will with little trouble and expense to said executor."

It appears from the bill of exceptions, that the court below refused to hear any evidence, although the same was offered, in support of the questions of fact presented in and by the appellants' exceptions, or to consider said exceptions, but overruled the same and refused to set aside said "allowance to executor," for the reason that said allowance had been made by a former judge of said court, and not by the judge then presiding therein. It is very clear, we think, that these rulings of the court below were erroneous, and that the reason assigned therefor was insufficient. The allowance to the executor had been made in the absence of, and without notice to, the appellants, and without any statement by appellee of his services, verified by his oath, such as the statute required him to make. In our opinion, such an allowance, so made, ought not to be regarded as conclusive upon the rights of the appellants. The fact, that the allowance

had been approved by a former judge of the court below, certainly gave it no additional sanctity, and did not justify the court in overruling the exceptions to such allowance, without a hearing thereof. The appellants were not bound by the allowance to the executor, and the court below erred in overruling their exceptions. *The State, ex rel., etc.,* v. *Brutch,* 12 Ind. 381, and *Goodwin* v. *Goodwin, supra.*

The orders of the court below, in discharging the appellee from his said trust and allowing his final settlement report, and in overruling the appellants' said exceptions, are reversed, at the appellee's costs, and the cause is remanded for a hearing of said exceptions, and for further proceedings, in accordance with this opinion.