## PARSONS, ADM'R, *v.* MILFORD, ADM'R, ET AL.

DECEDENTS' ESTATES.—*Report and Resignation of Administrator not a Final Settlement.—Action on Bond.—Res Adjudicata.*—The final report of an outgoing administrator or executor, resigning his trust before settlement of the estate has been completed, and the approval thereof, and his discharge, by the proper court, do not constitute the " final settlement " contemplated by section 116, 2 R. S. 1876, p. 537, of the decedents' estates act, and, therefore, are no bar to an action on the bond of such administrator or executor.

SAME.—*Copy of Judgment.*—A transcript of such report and proceedings, filed with such answer in said action, constitute no part of the answer.

SAME.—*Interlocutory Order can not be Attacked Collaterally.*—Interlocutory orders made from time to time, by the court, during the settlement of an estate, can not be attacked in an action on the bond of the administrator or executor upon whose motion or report such an order was made.

From the Warren Circuit Court.

*S. A. Huff, W. C. Wilson, J. H. Adams, J. R. Coffroth, T. A. Stuart, F. W. Coombs* and *A. Parsons,* for appellant.

*W. D. Wallace, A. A. Rice, J. Ristine, J. McCabe, M. Milford, S. H. Buskirk* and *J. W. Nichol,* for appellees.

NIBLACK, J.—This was a suit by Alva Parsons, as administrator *de bonis non,* with the will annexed, of the estate of Isaac Coleman, deceased, against Marshall M. Milford, as principal, and John Pool and Robert Milford, as sureties, upon a bond given by said Marshall M. Milford, as the late executor of such estate.

After the commencement of the suit, Marshall M. Milford died, and as to his estate the suit was continued in the name of Milton F. Milford, as his administrator.

The action was commenced in the Fountain Circuit Court, but the venue was changed to the court below, where it was tried before the Hon. David P. Vinton, judge of the Twenty-Third Judicial Circuit, who was specially called for that purpose.

Six breaches of the condition of the bond sued on were assigned. These breaches were, in substance, as follows :

First. That Marshall M. Milford, as such executor, failed to use proper care and diligence in collecting a debt due said estate from the firm of H. E. KcKee & Co., of Fort Smith, of Arkansas, and that, by the negligence and carelessness of said executor, fourteen thousand five hundred and twenty-one dollars and forty-five cents of the principal, together with the interest thereon, from the 29th of October, 1866, became, was, and is wholly lost to said estate.

Second.   That the said executor was, by the last will of the said Isaac Coleman, deceased, authorized to sell certain real estate, owned by the said testator, at the time of his death, and that he sold certain tracts of land lying in the county of Iroquois, and in the State of Illinois, for less than one-half of its real value.

Third.   That the said executor became the purchaser, in his own right, of certain stock in the Attica Bridge Co., belonging to said decedent at the time of his death, of the value of one thousand dollars, at less than one-half of its real value.

Fourth.   That, by the will aforesaid, the said testator bequeathed to his infant daughter, Martha G. Coleman, a sum of six thousand dollars, and directed his executor to invest such sum in the United States Government interest-bearing bonds; that there came to the hands of the said executor, after the payment of the debts of such estate and the bequest to Rachel H. Coleman, a sufficient sum of money to have paid the said legacy to the said Martha G., but that the said executor never paid the said legacy or any part thereof, or purchased any bonds for the use of the said Martha G.; but, on the contrary, he applied the money in his hands in distribution to a part of the residuary legatees and general heirs of said testator.

Fifth.   That the defendant Marshall has failed to account and pay over to the plaintiff or the court, upon his resignation, all the properties and moneys that came into his hands; that each and every charge he has made against said estate, for moneys paid out by him, is false, and each and every charge thus claimed by him as a credit is in excess of the sum really and actually paid; that all of his charges for services are in excess of what his services were fairly and reasonably worth; and, by reason of said false charges, said estate has been and is damaged in a large sum of money, to wit, in the sum of five thousand dollars.

Sixth. That the said executor failed to pay the taxes upon certain real estate owned by the testator, in the State of Iowa; and that, by reason of such failure, such real estate was sold for taxes, and became, was and is lost to said estate.

The defendants answered in three paragraphs. The first was the general denial, which was afterward withdrawn. The second was as follows :

" The defendants, for further answer to the complaint of the plaintiff herein, say that they admit that, on the 30th day of March, 1867, the said Marshall M. Milford, who is now deceased, was qualified and gave bond as the executor of the estate of Isaac Coleman, deceased, and that he thereafter entered upon the duties of his trust as such executor; but they aver that said Marshall M. Milford, as such executor, afterward, to wit, on the 27th day of December, 1867, made and filed in the office of the clerk of the court of common pleas of Fountain county, Indiana, an inventory of the personal estate of said decedent, and did thereafter, to wit, on the 23d day of January, 1869, in the further execution of his said trust, make and file in said common pleas court of Fountain county, at its regular January term of that year, his first report under. oath, by him signed, in the matter of his said trust ; and that said common pleas court did, on the said 23d day of January, 1869, after examining said report, approve and confirm the same, and make and enter upon its order book a judgment and order confirming and approving said report. And that said Marshall M. Milford, as such executor, afterward, to wit, on the 26th day of January, 1871, filed his petition in said common pleas court, asking the court to permit him to purchase certain realty to be thereafter sold at sheriff's sale (upon a decree of foreclosure that had been rendered in favor of said execu-

tor), for the use and benefit of said Martha G. Coleman, and as a partial payment and discharge of her said legacy; and that said common pleas court, after examining and hearing, granted the prayer of said petition, and ordered said executor to purchase said real estate for said Martha G. Coleman, provided it did not sell for its real value to some other person ; that said Marshall M. Milford, as such executor, afterward, to wit, on the 18th day of May, 1871, made and filed his report in said common pleas court, showing that he had purchased said real estate for said Martha G. Coleman, and the court thereupon confirmed and approved said report and the purchase so made by said executor, and entered its order of approval and confirmation upon its order book ; that afterward, to wit, on the 27th day of January, 1872, said Marshall M. Milford, as executor, made and filed in said common pleas court of Fountain county, at its regular January term of that year, a second, and as to him a final, report, in the matter of the said trust, duly signed and verified by him, wherein, among other things, he resigned his said trust, and asked the said court to discharge him therefrom, and that said common pleas court, after examining said second and final report, did, on said 27th day of January, 1872, in all things confirm and approve the same, and make and enter upon its order book a judgment and order confirming and approving said second and final report of said Marshall M. Milford as such executor, and discharging him from his trust, and from all further and future duties in relation thereto.   *   *   *   *

" They further say, that none of said orders and judgments of said common pleas court of Fountain county, have ever been appealed from, opened up, set aside, or reversed by the judgment or order of any court, and that each and all of them are now, and have been ever since they were made and rendered as aforesaid, in full force

and effect; and they especially aver that the said order and judgment of said common pleas court of Fountain county, approving and confirming the said second and final settlement report of said Marshall M. Milford, as such executor, and discharging him from his said trust, has never been appealed from, opened up, set aside or reversed, and that the same is now, and has been ever since the same was made and rendered, in full force and effect."

That portion of the foregoing paragraph, which is omitted, referred only to a copy of all the proceedings of the common pleas court of Fountain county, in the matter of the said Marshall M. Milford, as executor of the said Isaac Coleman, deceased, which was filed with the paragraph as " Exhibit X," and averred to be a true and complete copy of such proceedings.

The third paragraph of the answer was substantially the same as the second, except that it was addressed only to the first, second, fourth and fifth breaches assigned in the complaint, as above set forth.

The plaintiff demurred to the second and third paragraphs of the answer, but his demurrer was overruled.

The plaintiff then replied to the said second and third paragraphs of the answer, that said pretended final settlement, report and discharge of the said Marshall M. Milford, and all the alleged orders thereon, were not obtained by the said Milford, as executor of the said Coleman's will, in good faith, in this, that the said Milford fraudulently concealed from the said court of common pleas of Fountain county, at the time of making said pretended final settlement and report, and at the time of obtaining said order and approval of the same, and his discharge as such executor, the matters and things charged and complained of in the complaint; that the action of said common pleas court was induced by reason of the fraudulent suppression and

concealment of the matters and things complained of in the complaint, and the order of said common pleas court confirming the said pretended report and final settlement, and all the orders of said court respecting such pretended final settlement and the discharge of the said Milford, were induced by the fraudulent suppression and concealment of the matters and things charged in the complaint as aforesaid, and not otherwise. Wherefore all the orders of said common pleas court, obtained by the said Milford, as set up in said paragraphs of the answer, were fraudulently obtained by him and therefore void.

The defendants demurred to the reply, and the court sustained their demurrer. The plaintiff refusing to plead further, final judgment upon demurrer was rendered in favor of the defendants.

Error is assigned upon the overruling of the demurrer to the second and third paragraphs of the answer, and upon the sustaining of the demurrer to the reply.

The second and third paragraphs of the answer do not set up facts answering the several breaches assigned upon the bond sued on, upon their merits, but both paragraphs allege a settlement of his accounts as executor, by Marshall M. Milford, with the proper court, which it is insisted was a final settlement, within the meaning of section 116 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 537, and, hence, a bar to any action calling in question his management of the estate while in his hands previous to such settlement.

The first question which arises in the natural order is : Was the last settlement made by the executor, Milford, as it is alleged as above to have been made, a final settlement, in the sense and to the extent claimed for it?

Section 116, *supra*, is as follows :

"After the debts and legacies of an estate and charges of administration are paid, and all claims in favor of such

estate are disposed of according to law, the executor or administrator shall be discharged from the further administration thereof, and no final settlement shall be revoked or reopened, except by appeal to the circuit court, and the same shall there appear to have been illegally made : *Provided, however*, That any person interested in said estate so settled, may have said settlement set aside for mistake or fraud, at any time within three years after said settlement, and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disability."

As has been seen, the averment as to the alleged final settlement of Milford is, " that afterward, to wit, on the 27th day of January, 1872, the said Marshall M. Milford, as such executor, made and filed in said common pleas court of Fountain county, at its regular January term of that year, a second, and as to him a final, report, in the matter of said trust, duly signed and verified by him, wherein, amongst other things, he resigned his said trust, and asked the said court to discharge him therefrom, and that said common pleas court, after examining said second and final report, did, on said 27th day of January, 1872, in all things confirm and approve the same, and make and enter upon its order book a judgment and order confirming and approving said second and final report of said Marshall M. Milford, as such executor, and discharging him from his said trust, and from all further duties in relation thereto."

This averment does not, either in terms or by implication, assert that the business of the estate was closed and finally settled before Milford resigned and was discharged, but only declares that, as to him, said Milford, his last report was a final report, thus excluding the inference that such report was a final report for all purposes, and purported to be a final settlement of the estate itself.

The final settlement contemplated by section 116, *supra*, has reference to the ultimate completion of the business of the trust created by the issuance of letters of administration, and to the final order based upon such completion of the business of the trust, which takes the estate out of court, and not to the last report of an outgoing executor or administrator, where he resigns before his trust has been fully performed, taking himself only, and not the estate, out of court. *Dufour* v. *Dufour*, 28 Ind. 421; *Angevine* v. *Ward*, 66 Ind. 460.

The case of *Holland* v. *The State, ex rel.*, 48 Ind. 391, is quoted, to show that where a guardian made a settlement with the court and resigned, his settlement was held by this court to have been a final settlement of his guardianship.

In that case the question was as to whether the settlement could be attacked collaterally, and not really upon the particular character of the settlement with reference to its supposed finality. The circumstances attending the settlement are not, for that reason, as we suppose, fully set out. But it is shown by the opinion, that the balance found to be in the hands of the guardian was paid into court, by order of the court, before his discharge. Our inference, therefore, is, that in that case the money paid into court was due to, and for the use alone of, the ward, and that, consequently, nothing more remained to be done by the guardian concerning such guardianship.

In that view of that case, we see no conflict between it and what we have said as above, concerning the settlements of executors and administrators.

We are, consequently, of the opinion, that the facts set up in the paragraphs of answer before us do not amount to an averment that Milford made a final settlment of the estate before or at the time he resigned.

In the argument, frequent reference has been made to the

transcript of the proceedings of the court of common pleas of Fountain county, filed with the answer as an exhibit in the cause, as if such transcript constituted a part of the answer, by being filed with it. But these proceedings of the common pleas court are not written instruments constituting the foundation of the appellees' defence, within the meaning of section 78 of the code, and, hence, a transcript of them did not become a part of the answer by being filed with it. Nor can the matters recited in such transcript be used to aid defective or omitted averments in the answer. *Wilkinson* v. *The City of Peru*, 61 Ind. 1; *Brooks* v. *Harris*, 41 Ind. 390; *Noble* v. *McGinnis*, 55 Ind. 528; *The State, ex rel.*, v. *Hauser*, 63 Ind. 155; *Trueblood* v. *Hollingsworth*, 48 Ind. 537.

As the paragraphs of answer we are considering do not properly set up a final settlement of the estate, in answer to the complaint, and do not otherwise even purport to answer the several breaches assigned upon the bond in suit, to which they are respectively pleaded, they are obviously bad upon demurrer, and ought, in our judgment, to have been so held by the court below.

As further proceedings will probably be had in the court below in reforming the issues in this cause, we will proceed to consider the questions raised, or at least attempted to be raised, by the appellant's reply to the appellees' answer, to which a demurrer was sustained, as herein above stated.

Before section 116, *supra*, went into effect, all *ex parte* orders made in the course of administration upon an estate were regarded as only *prima facie* correct, and were liable to be corrected or set aside upon cause shown, by proceedings in chancery, chancery courts having at that time a peculiar jurisdiction over all matters pertaining to trustees and estates held in trust. *Allen* v. *Clark*, 2 Blackf. 343; *Brackenridge* v. *Holland*, 2 Blackf. 377; *Murdock* v. *Hol-*

*and's heirs*, 3 Blackf. 114; *The State, ex rel.*, v. *Strange*, 1 Ind. 538; *Sherry* v. *Sansberry*, 3 Ind. 320; *Byrket* v. *The State, ex rel.*, 3 Ind. 248; *The State, ex rel.*, v. *Brutch*, 12 Ind. 381.

But, since that section went into force, a different and more rigid rule, as regards the conclusive character of final settlements, has been recognized. *Reed* v. *Reed*, 44 Ind. 429; *Camper* v. *Hayeth*, 10 Ind. 528.

All *ex parte* orders, however, made in the settlement of an estate previous to the order of final settlement, are still regarded as but *prima facie* correct, and may be set aside, corrected or modified in a summary way, by proper proceedings, at any time before final settlement. *Collins* v. *Tilton*, 58 Ind. 374; *Goodwin* v. *Goodwin*, 48 Ind. 584; *Fraim* v. *Millison*, 59 Ind. 123.

Such orders are now regarded as interlocutory in their character, and, within proper limits, within the control of the court making them, until final settlement of the estate. But such orders, so long as they remain in force, constitute adjudications of the matters to which they properly relate, in the same manner as ordinary judgments in a court of record, and can not be attacked collaterally in a suit upon the executor's or administrator's bond. If attacked, it must be by some direct proceeding in the court having control over them. *Barnes* v. *Bartlett*, 47 Ind. 98; Wells Res Adjudicata and Stare Decisis, secs. 425, 426, and 482; *Paine* v. *Stone*, 10 Pick. 75; *Negley* v. *Gard*, 20 Ohio, 310; *Goodrich* v. *Thompson*, 4 Day, 215; *The State, ex rel.*, v. *Roland*, 23 Mo. 95; *Caldwell* v. *Lockridge*, 9 Mo. 362; *Short* v. *Johnson*, 25 Ill. 405; *Iverson* v. *Loberg*, 26 Ill. 180; Freeman Judgments, secs. 319 *a*, 608.

If, therefore, adjudications by the common pleas court of Fountain county upon the several matters assigned as breaches on the bond had been well pleaded, the reply would have been bad as an attempt to do collaterally what

could only be done directly; but, as a bad reply is good enough for a bad answer, the court erred in sustaining the demurrer to the reply.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the demurrer to the appellees' answer, and for further proceedings not inconsistent with this opinion.