F. L. Praw, for appellant.

————

## DAVID BAY v. THOMAS SAULSPAUGH ET AL.

*Levy Upon a Cause of Action.*—The debt or thing in action which may be given up by an execution-defendant and levied upon, sold and assigned by a sheriff under the statute, must be some tangible and well identified cause of action, upon which suit may be brought by the purchaser in the same manner as might have been done by the execution-defendant, and capable of being assigned and delivered to the purchaser, such as a paper writing signed by some third person, a duly itemized account, or other chose in action described upon or by some paper.

Filed June 24, 1881.

Appeal from Jennings Circuit Court.

Opinion of the court by Mr. Justice Niblack.

Complaint by David Bay against Thomas Saulspaugh, Elisha P. Reynolds, John Crabraugh and William B. Sheets, alleging that for three years then last past, the defendants had been doing business under the firm name of Reynolds, Saulspaugh & Co., and that, on the 15th day of July, 1876, the plaintiff had purchased at sheriff's sale, from the sheriff of Jennings county, a certain account or claim of one John Droitcour against the defendants for the sum of eight hundred dollars, more or less; that said claim was sold to him as an existing debt against the defendants in their firm name of Reynolds, Saulspaugh & Co., a certificate of which sale, issued by the sheriff, was filed with the complaint; that the defendants, by reason of the facts stated, were indebted to him in the sum of eight hundred dollars; that no bill of particulars of said claim or account, was filed with the complaint, because said Droitcour and the defendants all refuse to give the plaintiff any itemized statement or bill of particulars of the same, although often requested so to do; that said Droitcour voluntarily surrendered and gave up said claim to the sheriff, representing that the same was about eight hundred dollars, and all right, and that he could not give the items thereof, because the book in which the account was kept was not then accessible to him, but promising to give such items at his earliest convenience. Wherefore, said claim was levied upon as amounting to eight hundred dollars, more or less. Droitcour was made a defendant to answer as to his interest in the account.

A demurrer for want of sufficient facts was sustained to the complaint, and the plaintiff, refusing to plead further, final judgment upon demurrer was rendered for the defendants.

Section 438 of the code R. S. 1876, vol. 2, 208, provides that any debt, or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property.

The succeeding section further provides that, " The sheriff making the sale of any such debt, or thing in action, shall assign and deliver the same to the purchaser, and the assignment shall have the same effect as if made by the execution-defendant at the time of making the levy thereon, and shall be treated as so made.

We think these two sections, when construed together, must be taken to mean that the debt, or thing in action, which may be given

up by an execution-defendant, and levied upon and sold by the sheriff, and afterwards assigned and delivered by him, must be some tangible and well identified cause of action upon which suit may be brought by the purchaser in the same manner as might have been done by the execution-defendant, and capable of being assigned and delivered to the purchaser, such as a paper writing signed by some third person, a duly itemized account, or other chose in action, described upon or by some paper.

The complaint in this case appears to have been fatally defective, for want of a sufficient description or identification of the claim purchased by the appellant, as well as the nature of the demand preferred by him against the appellees. His inability to obtain a better description, or identification, was a misfortune for which the averments of the complaint suggest no adequate remedy.

The assignment of the sheriff to the appellant was not the foundation of this action, and hence it did not become a part of the complaint by being filed with it. The demurrer to the complaint therefore raised no question upon the assignment in the court below, and the facts recited in the assignment can not be considered by us here, in aid of the averments of the complaint. *Ragsdale* v. *Parrish*, No. 7503; *Parsons* v. *Milford*, 67 Ind. 489.

Whether other objections might not be urged against the complaint, is a question we have not considered.

The judgment is affirmed with costs.

D. Overmeyer, for appellant.