NOVEMBER TERM, 1870. 137

Prichard and Another *v*. The State, *ex rel*. Keller and Others.

PRICHARD and Another *v*. THE STATE, on the Relation of KELLER and Others.

CO-ADMINISTRATORS.—*Joint Bond*.—Where co-administrators execute a joint bond as such, each is liable thereunder for the acts and omissions of the other.

SAME.—*Suit on Bond.—Sureties.—Execution*.—Where, in an action on such joint bond, judgment is rendered for the plaintiff, the sureties on the bond have a right to an order directing that the execution to be issued on the judgment be first levied on the property of the principals, although one of the principals may have taken possession of the entire assets of the estate and administered the estate, so far as it has been administered, and the other administrator has never received any of said assets.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, J.—This action was predicated on a bond executed by Elizabeth Cox, Ezekiel Nicholds, Henry R. Prichard and Isham Keith. It is alleged in the complaint that Elizabeth Cox and Ezekiel Nicholds were appointed administrators of the estate of Aaron Cox, deceased, and that the bond was executed by them to secure the faithful performance of their duties, with Prichard and Keith as their sureties.

It is also alleged, among other things, that Nicholds attended to the business of the administration, received all the assets, and that there remained in the hands of the administrators the sum of five thousand dollars of the money of the estate. It is also alleged, that they had been required to pay the money into court, and because they had not done so, and because Nicholds had become a non-resident of the State, they had been removed from the trust by the order of the common pleas.

Mrs. Cox demurred to the complaint, on the ground, as we are informed, that as Nicholds had received all the money, she was not liable.

This demurrer was overruled by the court, and, we think, correctly. Had the administrators executed separate bonds, as contemplated by the statute, 2 G. & H. 489, sec. 19, she might not have been liable for the acts and omissions of Nicholds. But as she executed a bond jointly with him,

the rule is different. *Braxton, Adm'r,* v. *The State, ex rel. Albert,* 25 Ind. 82.

Mrs. Cox answered, first, by a general denial; and, second, that she had fully administered all the property that had come to her hands.

There was a demurrer filed and sustained to the second paragraph of her answer; and we think this was right, for the reasons above given.

Prichard and Keith answered separately, first, a general denial; second, that the administrators had fully administered; and third, by way of cross complaint, that they were the sureties of Cox and Nicholds, and asked an order that the execution to be issued on the judgment might be first levied on the property of the principals.

At this point in the case, a suggestion was made that Nicholds had not been found, and as to him the case was continued.

Elizabeth Cox answered the cross complaint, first, that Prichard and Keith were sureties for Nicholds; that she was one of the principals in the bond, and not in any respect whatever surety of Nicholds; and that no assets came to her hands, but that Nicholds took entire possession of all the estate, and administered the same, so far as it was administered; and that, therefore, she ought not to be charged with the default of Nicholds, but the same should be charged against him, and Prichard, and Keith; second, the general denial.

A demurrer by Prichard and Keith was sustained to the first paragraph of this answer. This was right. There was nothing in it which should bar the right of the sureties to have the order which they sought.

Thereupon there was a trial by the court, and a finding for the plaintiff, and that Prichard, and Keith, and Mrs. Cox were all co-sureties for Nicholds.

There was a motion by Mrs. Cox, and also by Prichard and Keith, separately, for a new trial.

The court overruled both motions, and rendered final judg-

ment, ordering that Mrs. Cox, and Prichard, and Keith were all sureties for Nicholds, and that his property should be first exhausted by the sheriff before levy upon the property of said other defendants; but that there should be no suspension of said judgment or the enforcement thereof against said defendants, if such judgment should be obtained against Nicholds, but the plaintiff might have immediate execution for the collection of the judgment against the defendants.

It is assigned for error by Prichard and Keith, that the court erred in refusing them a new trial of the issue with reference to their suretyship; and for a specific error under this assignment, they allege the improper exclusion, by the court, of the evidence offered by them to prove that they executed the bond as the sureties of Cox and Nicholds. A bill of exceptions shows that the court did exclude this evidence on the ground that Mrs. Cox, as well as Prichard and Keith, was but a surety of Nicholds.

We cannot agree with the common pleas in its ruling on this point in the case. In the first place, Mrs. Cox had not alleged, in any pleading, that she was the surety of Nicholds; and in so finding, the court went outside of any issue or pleading in this case. And, in the second place, we think she was not a co-surety with Prichard and Keith, of Nicholds. We must look to the time of the execution of the bond, to learn what relation the parties assumed towards each other, and not to the time of the happening of some subsequent event. The view taken by the common pleas would make the question turn on what occurred after the execution of the bond. If Nicholds received the assets, then he would become principal, and Mrs. Cox would be surety; but if she succeeded in possessing herself of the assets, then she would be principal and he the surety; while Prichard and Keith would, contrary to their evident intention, in the one event, be the co-sureties with Cox for Nicholds, and in the other, the co-sureties with Nicholds for Cox.

We have nothing to decide on the assignment of error by

Mrs. Cox relating to the overruling of her motion for a new trial. She has no bill of exceptions in the record.

We need not decide what remedy she might have had against Nicholds, had he been in court, or what she may hereafter be entitled to against him.

The question as to the suretyship of one or more of the defendants should not, in any way, affect or delay the plaintiff. They can have the question tried at the time when the other issues in the case are tried, or at any time before or afterwards, or at a subsequent term. 2 G. & H. 308, sec. 674. If they do not get the question determined in season to make the order of any avail to them, it is their own fault or misfortune.

The judgment is affirmed, except as to the question of suretyship of Prichard and Keith, and as to that it is reversed, and the common pleas is directed to grant them a new trial as to that. Costs against Mrs. Cox.

*S. Stansifer, R. Hill,* and *G. W. Richardson,* for appellants.
*F. T. Hord,* for appellees.