558    SUPREME COURT OF INDIANA.

Moore v. The State, ex rel. Atkinson et al.

MOORE v. THE STATE, EX REL. ATKINSON ET AL.

ADMINISTRATOR.—*Two Administrators Making One Bond.*—*Each Surety for the Other.*—Where two persons, administrators of the same estate, join in executing a bond with others as their sureties, for the faithful discharge of their duties, each of such administrators will be held as surety for the other. BUSKIRK, J., dissented.

SAME.—An agreement made by one of such administrators, by which a part of the heirs relinquish all further claim to the estate, will not release him as surety for the other administrator.

SAME.—*Heirs not Entitled to Estate Until Claims are Paid.*—Where there are claims against an estate, in a suit on the relation of the heirs upon the bond of the administrator, it is proper for the court to direct that the amount received be retained by the clerk until the further order of the court.

From the Blackford Circuit Court.

*J. Brownlee,* for appellant.

*W. H. Carroll,* for appellees.

WORDEN, J.—This was an action by the State, upon the relation of a part of the heirs at law of George Atkinson, deceased, against the appellant, Moore, upon the administration bond of Moore and William Atkinson.

The bond is as follows, viz:

"Know all men that we, Henry Moore, William Atkinson" (naming others who were sureties), " are bound unto the State of Indiana in the penal sum of thirty-four hundred dollars, for the payment of which we jointly and severally bind our-selves, our heirs, executors, and administrators. Sealed and dated the 23d day of February, 1857. The condition of the above obligation is, that if the above bound Henry Moore and William Atkinson shall faithfully discharge the duties of his trust as administrators of the estate of George Atkinson, deceased, according to law, then the above obligation is to be void, else to remain in full force."

This bond was duly signed and sealed by the appellant and William Atkinson and their sureties.

It is alleged in the complaint, that in April, 1858, the defend-ant Moore resigned and was discharged from his trust as such

administrator, leaving the entire management of the estate to his co-administrator, William Atkinson.

It is alleged, as a breach of the bond, that said William Atkinson converted to his own use over twelve hundred dollars belonging to the estate, and that he has removed from the State of Indiana, having failed to render any account of his proceedings as such administrator.

It is further alleged that the deceased left eight heirs, four of whom are relators herein, and that three of the heirs, naming them (not relators), have heretofore received their full share of the estate, and that the relators and said William Atkinson are entitled to the entire residue of the estate.

The defendant demurred to the complaint, but assigned no statutory cause, except that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and exception taken. Trial by referee, report and judgment in favor of plaintiff for something over seven hundred dollars, over the defendant's motion for a new trial.

We proceed to consider the grounds on which the appellant claims that the judgment should be reversed. We may observe that no objection is made on the ground that all the heirs of the deceased are not made parties to the action. But it is claimed by the appellant that, as he himself has been guilty of no breach of duty as such administrator, having resigned his trust and been discharged therefrom, he cannot be held liable for the malfeasance of his co-administrator. The appellant, if sued otherwise than on his bond, could only be held liable for his own default as such administrator, and not for that of his co-administrator. But, if he is to be regarded as the surety of said William Atkinson, his co-administrator, on the bond, he is doubtless responsible.

The cases of *Braxton* v. *The State, ex rel. Albert,* 25 Ind. 82, and *Prichard* v. *The State, ex rel. Keller,* 34 Ind. 137, decide that co-administrators executing bonds like that in suit become sureties for each other. The majority of the court adhere to those cases. The writer of this opinion acquiesces, rather than concurs. This point, therefore, must be held against the appellant.

The appellant insists that there was such an agreement and settlement between the parties as precludes the maintenance of this action.

The bill of exceptions, in one part of it, says that the referee reported all the evidence, but his report sets out the facts found by him, and not the evidence on which the facts were found; nor is the evidence contained in the record. The report of the referee in respect to the agreement or settlement insisted upon is as follows:

"It appears that there were two sets of children of said deceased; the older set consisting of" (naming the three who are not relators); "the younger set consisting of William Atkinson and the relators in this action. At the time Moore resigned, there was an arrangement made by which the older set of children relinquished all further claim to the estate, and the younger set of children were to receive the balance of the estate after the payment of debts."

There is nothing in this that releases the appellant from his liability as the surety of William Atkinson. William Atkinson was still bound to administer the estate according to law, and not appropriate the funds to his own use, except, perhaps, the portion coming to himself after the payment of debts and expenses; and the appellant was still bound as surety that he would do so.

It is claimed that items were allowed by the referee against the appellant that should not have been, and hence that the amount found was too much. This question is not before us, inasmuch as the motion for a new trial did not point out, as a ground thereof, either that the damages were excessive, or that there was error in the assessment of the amount of recovery. 2 G. & H. 211, sec. 352.

The brief of counsel for the appellant states that the bill of exceptions shows, that at the time the judgment was rendered "the court inquired if there were claims against the estate, to which the clerk replied, there were. The court then ordered that the money, when collected, remain," etc. And the coun-

sel add, " if this indicates the condition of the estate, the heirs cannot recover."

The record shows that the court ordered that the money, when collected on the judgment, remain in the hands of the clerk until the further order of the court. This order was proper, as the money when collected was not to be paid to the relators, but to be paid into court, to be disposed of, after certain deductions, according to the laws regulating the distribution of the property of the decedent. 2 G. & H. 531, sec. 164. This, it has been held, places the money in the control of the court, to be used for purposes for which it may be required. *Owen* v. *The State, ex rel. Owen*, 25 Ind. 371.

If there were debts against the estate, the court might, therefore, order them paid out of the money.

We have thus examined all the grounds upon which a reversal is sought, and find no error in the record.

The judgment below is affirmed, with costs.

BUSKIRK, C. J.—I dissent from so much of the foregoing opinion as holds that the appellant became the surety of his co-administrator. He executed the bond as a principal, and not as a surety, and he cannot be held liable as a surety.

Besides, the bond cannot be regarded as a common law obligation, as it and its form are prescribed by statute. It is provided, by the nineteenth section of the act for the settlement of decedents' estates, 2 G. & H. 489, that " every person appointed executor, administrator with the will annexed, or administrator, before receiving letters, shall execute a separate bond, with sufficient resident freehold sureties," etc., " conditioned that he will faithfully discharge his duties as such executor or administrator," etc.

The statute imperatively requires a separate bond for each executor or administrator. The bond in suit not being a good common law bond, and not being authorized by statute, is illegal and void. *Caffrey* v. *Dudgeon*, 38 Ind. 512, and the numerous authorities there cited.

VOL. XLIX.—36

In my opinion, the cases of *Braxton* v. *The State, ex rel. Albert*, 25 Ind. 82, and *Prichard* v. *The State, ex rel. Keller*, 34 Ind. 137, should be squarely overruled.

Opinions filed November term, 1874; petition for a rehearing overruled May term, 1875.