Cotton, Executrix, *v.* The State, *ex rel.* Roberts, Guardian.

<hr />

COTTON, EXECUTRIX, *v.* THE STATE, EX REL. ROBERTS, GUARDIAN.

GUARDIAN AND WARD.—*Complaint on Bond.—Variance.—Copy.—*A complaint on a guardian's bond alleged the execution, and contained a copy,

Cotton, Executrix, *v.* The State, *ex rel.* Roberts, Guardian.

thereof, but there was a variance between the description given in the complaint and such copy.

*Held,* on demurrer, that the copy controls.

SAME.—*Defective Record.—Amendment.—Supreme Court.*—The record of such cause, on appeal to the Supreme Court by the defendant, omitted the copy of the bond alleged by the complaint to be filed therewith, but an alleged copy thereof was separately attached to the record at the place where it ought to have been inserted.

*Held,* that the record shows that a copy of the bond was filed with the complaint as alleged.

SAME.—*Default of Guardian, After Death of Surety.*—The estate of a deceased surety on a guardian's bond is liable for a default of the principal occurring after the death of the surety, but before final settlement of his estate.

SAME.—*Separate Actions on Bond.—Judgment in One, not a Bar to Another, Action.—Former Adjudication or Recovery.*—A guardian and his sureties are liable on his bond, for a breach thereof, to each of several wards for whose benefit the bond was executed, in a separate action thereon by each ward on attaining his majority. And the judgment rendered in an action thereon by one of the wards is no bar to a subsequent action thereon by another ward or his guardian.

From the Jefferson Circuit Court.

*W. T. Friedley,* for appellant.

*C. A. Korbly* and *E. T. Dickey,* for appellee.

Howk, C. J.—This was a suit by the appellee, on the relation of the guardian of the minor heirs of William Splain, deceased, against the appellant and a number of other defendants, on the bond of Franklin Joyce, as the former guardian of the relator's wards and other heirs, then minors, of said William Splain, deceased. This bond was in the penal sum of fifty thousand dollars, was dated March 19th, 1864, was executed, among others, by the appellant's testator, Benjamin Tevis, and was conditioned that the said Joyce would faithfully discharge his duties as guardian of the persons and property of the then minor heirs of said William Splain, deceased, of three of which minor heirs the relator afterward became the legal guardian.

The complaint was in one paragraph, and it was

Cotton, Executrix, *v.* The State, *ex rel.* Roberts, Guardian.

alleged therein that the said Joyce had committed divers breaches of his trust, as the former guardian of the relator's wards.

The appellant separately demurred to the relator's complaint, for the want of sufficient facts therein to constitute a cause of action; and, jointly, with her codefendants, she also demurred to each breach assigned in said complaint, upon the same ground of objection, which demurrers were overruled by the court, and to these decisions the appellant excepted.

The appellant separately answered in nine paragraphs, the first of which was a general denial, and each of the others set up affirmative matter by way of defence. The appellee's relator demurred to each of the affirmative paragraphs of the appellant's answer, for the alleged insufficiency of the facts therein to constitute a defence to the relator's action, which demurrer was overruled as to the second, third, sixth and seventh paragraphs, and was sustained by the court as to the fourth, fifth, eighth and ninth paragraphs of said answer, to which latter decision the appellant excepted. The relator then replied, by a general denial, to the second, third, sixth and seventh paragraphs of the appellant's separate answer.

The issues joined were tried by the court, and a finding was made for the appellee's relator, assessing his damages in the sum of nine thousand and eighty-two dollars and forty cents; and judgment was rendered upon and in accordance with said finding, from which judgment the appellant alone has appealed to this court.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1. In overruling her demurrer to the relator's complaint;

2. In overruling her demurrer to each of the breaches assigned in the complaint;

3. In sustaining the demurrer to the fourth paragraph of her answer;

4. In sustaining the demurrer to the fifth paragraph of her answer;

5. In sustaining the demurrer to the eighth paragraph of her answer;

6. In sustaining the demurrer to the ninth paragraph of her answer; and,

7. In overruling her demurrer to the relator's reply to her separate answer.

We will consider and decide the several questions presented and discussed by the appellant's counsel, in his brief of this cause in this court, in the same order in which he has presented them.

1. It is insisted by the appellant that her demurrer to the relator's complaint ought to have been sustained, because, it is said, there is a fatal variance between the bond in suit, as described in the complaint, and the copy of said bond therewith filed. This point is not well taken. The appellant's testator appeared to have been a maker of the bond sued upon, as it was described in the complaint, and in the said copy thereof, and any other variance between the description and the copy could not injure the appellant in her defence of this suit. If there is any variance between the copy of the instrument in suit and the attempted description thereof in the complaint, the rule is that the copy controls and will be presumed to be right, until the contrary is shown. *Mercer* v. *Hebert,* 41 Ind. 459; *Stafford* v. *Davidson,* 47 Ind. 319; and *Crandall* v. *The First National Bank of Auburn,* 61 Ind. 349. In this case, the variance was immaterial, in so far as the appellant was concerned, for it appeared both from the description and the copy of the bond, that the appellant's testator, Benjamin Tevis, had been one of the makers thereof.

It is alleged in the complaint, that a copy of the bond sued on was filed therewith and made part thereof. In making up the transcript of the record of this cause on file in this court, the clerk of the court below apparently omitted to transcribe at the proper place the copy of the bond filed, and did not discover the omission until the transcript was completed. He then made a copy of the bond, on a separate paper, and pasted it on the transcript at the point where it ought to have been inserted. This does not show, as it seems to us, that a copy of the bond was not in fact filed with the complaint, but it shows, if any thing, the very reverse. For the transcript on this appeal was, of course, procured and filed in this court by the appellant, and we can not believe that she would have prepared and pasted a copy of the bond on the transcript, unless such copy of the bond had in fact been filed with the complaint. The court did not err, we think, in overruling the appellant's demurrer to the relator's complaint.

2. The second error assigned by the appellant is not even noticed by her counsel, in his argument of this cause. Under the well settled practice of this court, therefore, this alleged error must be regarded as waived.

3. The third alleged error is the decision of the circuit court in sustaining the relator's demurrer to the fourth paragraph of the appellant's answer. In this fourth paragraph of her answer, the appellant alleged, in substance, that her testator, Benjamin Tevis, died on the —— day of November, 1868, at Jefferson county, Indiana, and that letters testamentary on said decedent's estate were then issued to the appellant, by the court of common pleas of said county, in which court the guardianship of the minor heirs of William Splain, deceased, was then pending; that the defalcation and breaches of the bond in suit, and the failure to discharge the duties of said trust, alleged in the relator's complaint, took place long after the death of said Ben-

jamin Tevis, and long after letters testamentary had been granted her, as such executrix, and long after partial reports made by said guardian after the death of said Tevis had been presented and passed upon, and said guardianship continued, by said court of common pleas; that the said moneys, etc., in said complaint mentioned, were in the hands of said guardian at the time of the death of said Tevis, and of the granting of said letters testamentary on his estate, and of said first partial report and the continuance of said guardianship by said court, after the death of said Benjamin Tevis, and that the defalcations, or breaches in the bond sued on, had occurred since then, and not otherwise. Wherefore the appellee's relator ought to take nothing against the estate of said Benjamin Tevis, deceased.

It will be seen from the averments of this fourth paragraph of answer, that it is founded upon the theory, that the estate of a deceased surety upon a guardian's bond is not liable for a default of the guardian, which occurred after the death of such surety. The law has been settled contrary to this theory by this court, and we think correctly so. In the case of *Voris* v. *The State, ex rel.,* etc., 47 Ind. 345, which was a suit upon a guardian's bond, the same defence was relied upon as the appellant has stated in the fourth paragraph of her answer; and it was held to be settled by the authorities, that the estate of a deceased surety on such a bond was liable for a default which occurred subsequently to the surety's death. We adhere to that decision; and, upon its authority, we hold, that no error was committed by the court below, in the case now before us, in sustaining the relator's demurrer to the fourth paragraph of the appellant's answer. See, also, the case of *Toland* v. *Stevenson,* 59 Ind. 485, and authorities cited, in support of the same doctrine.

4. The fourth error assigned is the sustaining of the relator's demurrer to the fifth paragraph of the appellant's

answer. This fifth paragraph of answer stated substantially the same facts, but more fully and specifically, which were relied upon by the appellant in the fourth paragraph of her answer, as a defence to the relator's action. The grounds of the defence stated in the two paragraphs were identical. This defence, as we have seen in considering the third alleged error, was founded upon a mistaken view of the law, and was insufficient. In our opinion, therefore, the relator's demurrer to the fifth paragraph of the appellant's answer was correctly sustained.

5. The fifth error complained of by the appellant is the decision of the court below, in sustaining the relator's demurrer to the eighth paragraph of her answer. In this paragraph of her answer, the appellant alleged, in substance, that, on the — day ——, in the court of common pleas of Jefferson county, the plaintiff commenced three different actions on said bond sued on, against all the defendants named in this action, and the said executrix of Benjamin Tevis, deceased, appeared in said actions and pleaded therein, denying the plaintiff's right of action, and setting up that said alleged defalcations were made long after the death of said Benjamin Tevis, and that such proceedings were had, that judgment was rendered in favor of said executrix, and said estate of said decedent was released from liability on said bond, and that judgment was rendered on said bond, in each of said actions, against said other defendants, in the aggregate sum of over seven thousand dollars, copies of the records of each of which said actions were filed with and made parts of said paragraphs of answer, and that said judgments were still standing in full force and unreversed.

It is quite clear, we think, that the allegations of this paragraph were not sufficient to constitute a good answer of former adjudication or former recovery, as between the appellant and the appellee's relator, in this action. It was

not alleged in said paragraph, that the relator in this suit was a party to either of the three actions mentioned therein, and such an allegation was absolutely indispensable to make the paragraph a good defence to the relator's action. The bond in suit was executed, as we have seen, on the 19th day of March, 1864, in the penalty of fifty thousand dollars, and it was conditioned that the said Joyce would faithfully discharge the duties of his trust, as guardian of the minor heirs of William Splain, deceased. The minor heirs named in said bond were ten in number, and each one of these heirs, as he came of age, or the subsequent guardian of any of them who were still minors, would have separate causes of action, and could maintain separate suits on the bond sued on, in the name of the State of Indiana, as plaintiff, on his or her relation. But surely judgments rendered in favor of the appellant in any of these suits could not be pleaded in bar of another suit on said bond, in favor of another relator, who was not a party to any of the suits in which such judgments were rendered. In our opinion, the court committed no error in sustaining the relator's demurrer to the eighth paragraph of the appellant's answer.

6. What we have said in relation to the fifth error is equally applicable to the sixth alleged error, namely, the sustaining of the relator's demurrer to the ninth paragraph of the appellant's answer. In this paragraph of her answer, the appellant alleged, in substance, that said plaintiff, in two suits, one on the relation of Henry F. and Eliza Bear, brought in the Jefferson Circuit Court at its September term, 1873, on the bond now in suit, against the said defendants, recovered judgment against all the defendants except the appellant, and such proceedings were had in said actions, that the estate of said Tevis was discharged, and judgments were rendered in favor of the appellant, and that the said judgments were still standing in full force, unreversed and unappealed from.

It will be observed that it was not alleged in this paragraph, that the appellee's relator in this suit was a party to either of the actions mentioned in said paragraph. For the want of such an allegation, we are clearly of the opinion that the paragraph was insufficient, and that the demurrer thereto was correctly sustained.

7. The seventh alleged error is not apparent in the record. The only reply filed by the appellant was a general denial, and there is no demurrer to this or any other reply to be found in the record.

The judgment is affirmed, at the costs of the appellant, to be levied of the estate of her testator, Benjamin Tevis, deceased, in her hands to be administered.