TURNER v. THE STATE, EX REL. DIVINE.

BASTARDY.—*Recognizance for Continuance.*—*Liability of Surety on.*—A prosecution for bastardy may be prosecuted to final judgment in the circuit court, notwithstanding the absconding of the defendant during the pendency of the prosecution before the justice of the peace in whose court it was instituted; and an action for the recovery of the sum so adjudged may be maintained by the relatrix, in the name of the State, on a recognizance executed by the defendant and a surety to obtain a continuance before the justice.

SAME.—*Complaint.*—If the complaint in such action does not allege that such prosecution was duly prosecuted to final judgment in the circuit court, for the recovery of money by the relatrix, the complaint is insufficient on demurrer.

SAME.—*Surety can not Limit his Liability.*—*Defective Bond.*—The surety on a recognizance for a continuance of a prosecution for bastardy can not limit his liability on such bond to a mere failure of the defendant to appear, but is liable thereon, notwithstanding such a limitation in the condition of the bond, "to the full extent contemplated by " sections 4 and 8 of the bastardy act, 2 R. S. 1876, pp. 656, 657.

SAME —*Answer.*—An answer in such action, that the defendant had appeared, as recognized, before the justice, and had there remained until a judgment had been rendered against him, and then, under permission of the justice to depart to find surety, had absconded, is insufficient.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin*, for appellant.

HOWK, J.—In this action, the appellee, on the relation of Sarah Divine, as plaintiff, sued the appellant and one William Kirby, as defendants, in a complaint of a single paragraph, wherein it was alleged, in substance, that, on the — day of October, 1875, the appellee, on the relation aforesaid, filed before a justice of the peace of Decatur county, Indiana, a verified complaint, in which it was averred, that said Sarah Divine, an unmarried woman, was pregnant of a bastard child, of which the defendant, William Kirby, was the father; that, upon said complaint, the justice issued his warrant for the arrest of said Kirby, and he was then and there duly arrested and taken before said justice to answer said complaint; that, to relieve himself

from custody thereon, the said Kirby, with the appellant as his surety, on the 13th day of October, 1875, executed a written undertaking, a copy of which was therewith filed, which undertaking was then and there accepted and approved by said justice, in the sum of two hundred dollars, and was conditioned that said Kirby should appear before said justice at 10 o'clock A. M. of the 14th day of October, 1875, to answer said complaint, and abide by and perform the order and judgment of said justice in that behalf; that said Kirby did not appear and abide by said order and judgment of said justice in said cause, but, on the contrary, he absented himself and fled, and though three times called in said cause he made default and refused to appear therein; that the appellant, having been called in like manner and required to produce the body of said Kirby, also made default, and thereby the said bond became and was then forfeited, and judgment of forfeiture thereof was then and there duly rendered by said justice; that, by reason of the premises, an action had accrued to the appellee to demand and have the said sum mentioned in said bond, which sum was then due and unpaid; and that, for the use and on the relation aforesaid, the appellee demanded judgment for said sum of two hundred dollars and for all other proper relief.

The undertaking or bond, sued on in this action, was in the words and figures following, to wit:

"The undersigned are bound unto the State of Indiana in the sum of two hundred dollars, subject to the condition following: Whereas, in a proceeding by the said State, on the relation of Sarah Divine, against the undersigned William Kirby, on a charge of bastardy, before Green B. Roszell, a justice of the peace of Washington township, in Decatur county, Indiana, the said justice has this day required the said William Kirby to enter into a recognizance bond. Now, if the said William Kirby shall

appear in the office of said justice on to-morrow morning, at 10 o'clock A. M., to answer said charge, and not depart said court without leave, this bond shall be void, else in full force and effect.    Dated the 13th day of October, 1875.

his

(Signed,)    " WILLIAM  ✕  KIRBY,

mark.

" WILLIAM  TURNER."

The defendant Kirby was not served with process in this action; but the appellant appeared and demurred to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action.    This demurrer was overruled by the court, and to this ruling the appellant excepted.    He then answered the complaint and alleged, in substance, that he signed the bond in suit as the accommodation surety of his codefendant, Kirby, and for no other consideration whatever; that said Kirby did, as required by the terms of said bond, appear at the office of said justice, at the time mentioned in the bond, to answer said charge, and that thereupon such proceedings were had, as that said justice heard said cause, and it was by him considered and adjudged that said Kirby was the father of said bastard child; that, after the finding had been announced, but before it was entered, the said Kirby, with leave of the justice, left his office for the purpose of procuring some one to become his surety in a recognizance for his appearance in the Decatur Circuit Court at its next term, the appellant having declined to become his surety; and that, while so absent, the said Kirby, without the appellant's knowledge or consent, departed this State. Wherefore the appellant asks to be discharged, with his costs.

To this answer the appellee's demurrer for the want of sufficient facts was sustained by the court, and to this decision the appellant excepted, and, declining to answer over, the court heard the proofs adduced by the appellee,

and thereon found for the appellee the full amount of the bond in suit and rendered judgment accordingly, to the rendition of which judgment the appellant excepted, and appealed therefrom to this court.

The following decisions of the circuit court have been assigned by the appellant, in this court, as errors :

1. The overruling of his demurrer to appellee's complaint ;

2. The sustaining of the appellee's demurrer to the appellant's answer ; and,

3. The rendition of judgment against the appellant.

We will consider and decide the several questions presented and discussed by the appellant's counsel in their brief of this case, and arising under these alleged errors, in the order of their assignment.

1. The bond in suit was taken by the justice of the peace, before whom the appellee's relatrix, Sarah Divine, had filed her complaint in bastardy against the defendant William Kirby, under and pursuant to the provisions of section 8 of "An act regulating prosecutions in cases of bastardy, and providing for the support of illegitimate children," approved May 6th, 1852. In this section 8, it was provided that, "Upon any continuance granted either party, the court or justice granting the same shall require of the defendant a like bond as is required in the fourth section of this act," etc. 2 R. S. 1876, p. 657. In the 4th section of said act, it is provided that if the justice, on the hearing, adjudge the defendant to be the father of the child, he shall, if the defendant is in custody, require him to give bond in a sum not less than two hundred nor more than ten hundred dollars, and conditioned that he will appear at the next term of the circuit court of the county to answer such complaint, not depart without leave, and abide the judgment and order of such court, or, failing therein, that he will pay such sums of money, and to such

person, as may be adjudged by such court. The closing sentence of this 4th section is in these words: "Such bond, or any bond given by such defendant on any continuance or arrest may be put in suit by any person in whose favor the court may adjudge any sum of money, in such prosecution." 2 R. S. 1876, p. 656.

It is upon this closing sentence of said 4th section of the bastardy act, that the appellant's counsel have founded their argument upon the point that the facts stated in the appellee's complaint are not sufficient to constitute a cause of action. The bond in suit, as we have seen, is payable in terms to the State of Indiana; and the only provision for the enforcement of the bond by suit, to be found in our statutes, is the one above quoted. By implication, if not by fair construction, it seems to us that, under the language of the statute, such a bond can only be put in suit by some person in whose favor the court may adjudge a sum of money, during or in the prosecution.

In section 15 of the bastardy act, as amended by an act approved March 5th, 1877, Acts 1877, Reg. Sess., p. 5, it is provided, that, if the defendant in a bastardy case is adjudged to be the father of the child, the court shall make such order as may seem just, for securing the maintenance and education of the child, by the annual payment to the mother, " or if she be dead, or an improper person to receive the same, to such other person as the court may direct, of such sums of money as may be adjudged proper, and shall render judgment for the same," etc. 2 R. S. 1876, p. 657.

It seems to us, that the sums of money mentioned in this section 15 are the sums of money for which such a bond as the one sued on in this action may be put in suit by the person in whose favor the court may adjudge such sums of money as provided in the closing sentence, above quoted, of section 4 of the bastardy act.

Turner *v.* The State, *ex rel.* Divine.

It will be seen from our statement of the substance of appellee's complaint, that it contained no averment to the effect that the proper court had ever adjudged the payment, either to the appellee's relatrix or to any other person, of any sum of money. The omission of an averment, that the court had, in the bastardy case, adjudged 'the payment to the relatrix of a certain sum or sums of money, in our opinion, rendered the complaint in this case fatally defective, on the appellant's demurrer thereto for the want of sufficient facts. In the absence of such an averment, we are clearly of the opinion that the complaint did not state facts sufficient to show a cause of action in favor of the appellee's relatrix ; for, until the proper court had adjudged, in the bastardy case, the payment to the relatrix of a sum or sums of money, she could not, under the statute, as we construe its provisions, maintain any action on the bond in suit. It may be remarked in this connection, that no reason is given in the appellee's complaint in this action, for the apparent failure of the relatrix to obtain a judgment in the circuit court, for the payment to her of such sums of money as the court might adjudge proper, as she might have obtained such judgment, if not an improper person, under the laws of this State. For the reasons given, we hold that the court erred in overruling the appellant's demurrer to the appellee's complaint.

2. It seems to us, that the court committed no error in sustaining the appellee's demurrer to the appellant's answer. The statute required, that, upon the continuance of the cause before the justice, he should require of the defendant a bond, conditioned that he would appear at the time specified to answer the complaint, not depart without leave, and abide the judgment and order of the justice. This was not the condition expressed in the bond in suit, but it was the condition required by the statute ; and as the bond was taken by the justice in the discharge of his official

duty, it must be held, we think, that both Kirby and the appellant, as his surety, under the provisions of section 790 of the practice act, were bound by such bond, " to the full extent contemplated by the law requiring the same." 2 R. S. 1876, p. 311.

It was not alleged by the appellant in his answer, that the defendant Kirby abided the judgment and order of the justice, as the bond, under the law, required him to do ; but the allegation was, that the said Kirby, with the leave of the justice, left his office to procure a surety on a bond for his appearance in the circuit court, and that, while so absent, the said Kirby, without the appellant's knowledge or consent, had departed this State. This allegation was not sufficient, as it seems to us, to show a compliance by Kirby and the appellant with the condition of the bond in suit, under the requirements of the statute. *Railsback* v. *Greve*, 58 Ind. 72; *Miller* v. *McAllister*, 59 Ind. 491.

3. No allusion is made by the appellant's ·counsel, in their brief of this cause, to the third alleged error. It must therefore be regarded as waived.

The judgment is reversed, at the costs of the appellee's relatrix, and the cause remanded, with instructions to sustain the appellant's demurrer to the complaint, and for further proceedings in accordance with this opinion.