THE STATE, EX REL. WYANT, *v.* WYANT ET AL.

ADMINISTRATOR'S BOND.—*How Executed when there are Two Administrators. —Construction of Statute.—Suit against a Co-Administrator.*—Under section 19 of the decedents' estates act, 2 R. S. 1876, p. 500, whenever two

or more persons are appointed executors or administrators of a decedent's estate, each should " execute a *separate* bond," conditioned that *he* will faithfully discharge *his* duties as such executor or administrator ; and where two persons, as administrators, execute a single bond, jointly, with sureties, such bond must be construed as if each of the principal obligors therein had thereby executed a separate bond, in the same penalty, with the same sureties and subject to the same condition ; and in such case, after the resignation of his trust by one of such administrators, the other may bring and maintain an action against him and his sureties, upon such bond, for breaches committed by him alone, as upon his separate bond.

SAME.—*Cases Overruled.—Braxton* v. *The State,* 25 Ind. 82, *Prichard* v. *The State,* 34 Ind. 137, and *Moore* v. *The State,* 49 Ind. 558, are overruled, so far as they conflict with the decision in this case.

From the Hamilton Circuit Court.

*W. Garver,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellees.

HOWK, J.—This was a suit by and in the name of the State of Indiana, on the relation of Maria Wyant, administratrix of the estate of Jacob Wyant, deceased, as plaintiff, against the appellees, as defendants, in a complaint of a single paragraph.

The complaint counted upon an administrators' bond in the penal sum of three thousand dollars, bearing date on the 28th day of February, 1870, and executed by the appellant's relatrix, Maria Wyant, and by each and all of the appellees. The bond was in the ordinary form prescribed by the statute, for administrators' bonds ; and by its terms the said obligors therein jointly and severally bound themselves, their heirs, executors and administrators, for the payment of the aforesaid penal sum. The condition of this bond was as follows :

" The condition of the above obligation is, that if the above bound Benjamin Wyant and Maria Wyant shall faithfully discharge the duties of his [their ?] trust as administrator of the estate of Jacob Wyant, deceased, according to law, the above obligation is to be void, else to remain in full force."

In her complaint on this bond, the appellant's relatrix, Maria Wyant, alleged, among other things, that, on the day of its date, she and the appellees executed and delivered the said bond to the then clerk of the court of common pleas of Hamilton county; that the said bond was then and there approved and accepted, and on the same day letters of administration on the estate of said Jacob Wyant, deceased, were granted to the relatrix, Maria Wyant, and the appellee Benjamin Wyant, by the clerk of said court of common pleas, which letters were afterward approved and confirmed by said court; that the relatrix, Maria Wyant, and the appellee Benjamin Wyant, accepted said trust and qualified as such administrators, and continued to act as such until the — day of December, 1875, at which time the appellee Benjamin Wyant resigned his said trust as such administrator, without making final settlement of said estate, and his resignation was then and there accepted by the circuit court of said county. In assigning a breach of said bond, the appellant's relatrix said that the appellee Benjamin Wyant did not faithfully discharge the duties of his trust as such administrator, in this, that, immediately after taking out such letters of administration and qualifying as such administrators, by agreement of the relatrix and said Benjamin Wyant, the relatrix was relieved entirely from all responsibility as such administratrix, and the said Benjamin Wyant, by virtue of his said trust and said agreement, took upon himself the burthen of settling said estate, and then and there took possession of all the assets of said estate, amounting in all to the sum of five thousand dollars; that the said Benjamin Wyant, as such administrator, failed to file and return an inventory of such assets within sixty days, as required by law; that, on the 25th day of March, 1870, the said Benjamin Wyant sold the goods and chattels belonging to said estate, but failed to file an account thereof in the proper office, as required by law, for more than thirty

days after said sale; that the said Benjamin Wyant failed to file any report of his administration of said estate for more than five years after his said appointment as such administrator; that the said Benjamin Wyant embezzled, concealed and converted to his own use assets of said estate to the amount of three thousand dollars, and that he committed waste on the decedent's real estate, while the same was in his possession and under his control, by destroying the growing timber thereon, to the amount of five hundred dollars. And, for a further breach of said bond, the relatrix said, that the said Benjamin Wyant, on the ―― day of ――, 1871, collected, received and came into the possession of a large sum of money, to wit, one thousand dollars, and that he had since retained and kept the same in his own possession, and the interest thereon had amounted to three hundred dollars, and that he had failed to pay over or account for either the principal or interest of said sum of money, but had converted the same to his own use. Wherefore, etc.

To this complaint, the appellee Benjamin Wyant separately, and the appellees Silas Helms and John Rambo jointly and separately, demurred, which demurrers were sustained by the court, and to these decisions the appellant's relatrix excepted. The relatrix failing to plead further, judgment was rendered against her, on the demurrers, for the costs of suit, from which judgment she has appealed to this court, and has here assigned, as errors, the decisions of the court below in sustaining the appellees' demurrers to the complaint.

In each of the demurrers to the complaint, the same grounds of objection thereto were stated by the appellees, in substance as follows:

1. That the complaint did not state facts sufficient to constitute a cause of action;

2. That the relatrix had not the legal capacity to sue,

for the reason that she executed the bond in suit as a co-principal therein with the appellee Benjamin Wyant, the other appellees, Helms and Rambo, being the sureties of both the relatrix and said Benjamin Wyant, in said bond ; and,

3. That there was a defect of parties defendants in the action, in this, that the relatrix, Maria Wyant, executed the bond in suit as a co-principal with the appellee Benjamin Wyant, the other appellees, Helms and Rambo, being the sureties of both the relatrix and said Benjamin Wyant in said bond, and that, therefore, the relatrix was a necessary party defendant.

From the record of this cause, and the error assigned thereon, it seems to us that the question ·presented thereby for our decision may be thus stated :   Can the appellant's relatrix, upon the facts stated. in her complaint, maintain an action on the bond in suit, in which bond she was a principal obligor, against her co-obligors therein ?   After the resignation of his trust by her co-administrator, Benjamin Wyant, can the relatrix, as the remaining administrator, bring suit on the bond given by him and her for the faithful discharge of the duties of their said trust, against him and the sureties in such bond, to recover damages for a breach committed by him alone of the condition of the bond ?

It seems to us, that the proper answers to these questions are wholly dependent upon the construction which must be given to the different statutory provisions authorizing and requiring the execution of bonds by the executors and administrators of decedents' estates, declaring the liabilities of the obligors, principals and sureties, in such bonds, and specifying the causes for which, and the persons by whom, suits may be brought on any such bond. The bond in suit was of statutory origin ; and even its form was provided for, in form No. 10 of section 194 of

the act providing for the settlement of decedents' estates, etc., approved June 17th, 1852. In section 19 of the same act, it is provided as follows:

"SEC. 19. Every person appointed executor, administrator with the will annexed, or administrator, before receiving letters, shall execute a separate bond, with sufficient resident freehold sureties, to be approved by the proper clerk or court, jointly and severally bound, in a penalty payable to the State of Indiana, of not less than double the value of the personal estate to be administered, and, in case real estate is to be sold by the terms of a will, also double the value of such real estate, conditioned that he will faithfully discharge his duties as such executor or administrator," etc. 2 R. S. 1876, p. 500.

It seems to us, that the language quoted from this section 19 is too plain for construction, and can not be misunderstood. Its evident meaning is, that whenever two or more persons shall be appointed executors or administrators of a decedent's estate, each one of such persons "shall execute a *separate* bond," as required by the statute, and conditioned that *he* will faithfully discharge *his* duties as such executor or administrator. Under the express terms of the statute, therefore, the bond in suit must be construed, we think, as if each of the principal obligors therein had thereby executed a separate bond, in the same penalty, with the same sureties, and subject to the same condition. In other words, we think that the bond in suit must be construed, by force of the requirements of the statute, as if the relatrix, Maria Wyant, and the appellee Benjamin Wyant, upon their appointment as administrators of the estate of Jacob Wyant, deceased, had each of them executed that bond as his or her separate bond, in the same penalty and with the same sureties, and conditioned for the faithful discharge of his or her duties. This construction of the bond sued upon is not

only in harmony with the language of section 19 above quoted, but it is expressly warranted and authorized by the provisions of an act entitled "An act to cure defective or illegal bonds of executors and administrators and their sureties," approved March 11th, 1867. Omitting the enacting clause, this act provided as follows :

"That all bonds heretofore executed, or hereafter to be executed, by any executor or administrator and their sureties, shall not be void on account of any informality, illegality or defect, either formal or substantial, in the same, nor on account of any defect, informality or illegality in the appointment of such executor or administrator, nor shall any action against any surety on such bond be defeated on account of any misrepresentations or deceit practised by any executor or administrator to induce such surety to join in the execution of such bond, nor shall any such bond be void because of defects or irregularity in the approval or filing thereof; but such bonds shall be as obligatory as if properly executed, approved and filed ; but each and every surety who signed, or caused his name to be signed, on any such bond, shall be bound for any breach therein, regardless of any condition, inducement or consideration causing such surety to join in the execution of the same, and such bond shall have the same force and effect as if such appointment had been legally made, and such bond legally executed." Acts 1867, p. 27 ; 2 R. S. 1876, p. 500, note 1.

Independently of the provisions of the act just quoted, it seems to us that the bond in suit comes fairly within the scope and purview of section 790 of the practice act. In this section it is provided, *inter alia*, that no bond taken by any officer in the discharge of the duties of his office shall be void for want of form of substance, or recital or condition, nor the principal or surety be discharged ; but the principal and surety shall be bound by

such bond, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond. In all actions on a defective bond, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond were perfect in all respects. 2 R. S. 1876, p. 311.

Construing the bond in suit, in the case at bar, with reference to the requirements of the several statutory provisions above quoted, we are led to the conclusion that the bond must be regarded and treated as the separate bond of each of the administrators, Maria Wyant and Benjamin Wyant, and that the sureties in the bond must be regarded and treated as the sureties in the separate bond of each, rather than in the joint bond of both, of the said administrators. In legal effect, because of the requirements of the statutes, the bond sued upon is the separate bond of each, and not the joint bond of both, of the administrators, and the sureties therein are the sureties of each, separately, of the administrators, and not of both of them jointly, in their separate and not in their joint bond. This construction of the bond in question, which, we think, is not only authorized, but is absolutely demanded, by the statutory requirements before set out, relieves the case before us of much, if not all, difficulty. For, if the bond must be regarded and treated, as we think it must, as the separate bond of each of the administrators, then it can not be said that either of the administrators is in any proper sense the surety of the other, in the separate bond of such other administrator. If, in this case, the appellant's relatrix, Maria Wyant, is not a surety, and surely she is not, of the appellee Benjamin Wyant, in his separate bond as one of the administrators, then it seems to us, there is no room for doubt as to the right of the relatrix, as the remaining administrator, after the resignation of said Benjamin Wyant of his trust, to maintain an action on his sep-

arate bond, against him and his sureties therein, for any. breach thereof committed by him.

It has been repeatedly held by this court, that one co-executor or co-administrator is not responsible for the assets of his decedent's estate, received by the other, but that each one of two or more executors or administrators is only responsible for the assets received by him. *Call* v. *Ewing*, 1 Blackf. 301; *Ray* v. *Doughty*, 4 Blackf. 115; *Davis* v. *Walford*, 2 Ind. 88.

In the case of *Braxton* v. *The State, ex rel.*, 25 Ind. 82, it was decided that while, as a general rule, an executor or administrator is not liable for the default of his co-executor or co-administrator, yet if the action be upon their joint bond, he is liable for such default. In the case cited, the bond sued on was, in form, the joint and several bond of two executors of the last will of a certain decedent; and the decision was founded upon the theory that the bond was the joint obligation of the executors, and that, therefore, each of the executors was the surety of the other, in such bond. In the opinion in the case, no reference whatever is made to the imperative language of the statute, requiring that each executor or administrator shall execute a separate bond, or to the statutory provisions, quoted in this opinion, in regard to informal, illegal or defective bonds of executors or administrators. The case cited was approved and followed in the case of *Prichard* v. *The State, ex rel.*, 34 Ind. 137, and again in the case of *Moore* v. *The State, ex rel.*, 49 Ind. 558.

In the case last cited, in delivering the opinion of the court, WORDEN, J., cautiously said: "The cases of *Braxton* v. *The State, ex rel. Albert*, 25 Ind. 82, and *Prichard* v. *The State, ex rel. Keller*, 34 Ind. 137, decide that co-administrators executing bonds like that in suit become sureties for each other. The majority of the court adhere to those cases. The writer of this opinion acquiesces, rather than

concurs. This point, therefore, must be held against the appellant."

BUSKIRK, C. J., dissented from so much of the opinion as held that the appellant became the surety of his co-administrator : "He executed the bond as a principal, and not as a surety, and he can not be held liable as a surety." After quoting the language, in part, of section 19 of the decedents' estates act, the learned Judge added : "The statute imperatively requires a separate bond for each executor or administrator. The bond in suit not being a good common-law bond, and not being authorized by statute, is illegal and void."

It is very evident, we think, that the attention of the court was not directed, in any of the cases cited, to the provisions of the act of March 11th, 1867, above set out, or of section 790 of the practice act. For, if these statutory provisions had been considered in connection with those cases, we may reasonably suppose that the court would have probably arrived at very different conclusions. The effect of the provisions of section 790 of the practice act, upon informal, illegal or defective bonds, taken by an officer in the discharge of the duties of his office, has recently been the subject of full consideration by this court, in a number of cases ; and it has been uniformly held, that the effect of the statute is to legalize and validate the bond in question, and make of it just such a bond as was contemplated and called for by the terms of the statute which required its execution. *Railsback* v. *Greve,* 58 Ind. 72 ; *Fuller* v. *Wright,* 59 Ind. 333 ; *Miller* v. *McAllister,* 59 Ind. 491 ; *Yeakle* v. *Winters,* 60 Ind. 554 · *The Vincennes National Bank* v. *Cockrum,* 64 Ind. 229 ; *Turner* v. *The State, ex rel.,* 66 Ind. 210 ; and *Graham* v. *The State, ex rel.,* 66 Ind. 386.

So, we hold, in the case at bar. The bond in suit is, as required by the statute, the separate bond of each of the

administrators of the estate of Jacob Wyant, deceased. Therefore the relatrix, Maria Wyant, is not a surety in the separate bond of Benjamin Wyant, as administrator; and, therefore, she is neither a proper nor a necessary party defendant to a suit on his separate bond to recover damages for breaches committed by him alone.

After Benjamin Wyant's resignation of his trust, as such administrator, it became the duty of the relatrix, as the remaining administrator, under section 16 of the decedents' estates act, to "complete the administration of the estate;" and, in the discharge of this duty, she was expressly authorized, in and by section 162 of said act, to bring and maintain this action upon the separate bond of said Benjamin Wyant, against him and his sureties therein.   2 R. S. 1876, p. 549.

In conclusion, we hold that the court erred in sustaining the appellees' demurrers, and each of them, to the complaint of the appellant's relatrix.

In so far as the decision of the cause now before us is in conflict with the cases of *Braxton* v. *The State, ex rel.,* 25 Ind. 82, *Prichard* v. *The State, ex rel.,* 34 Ind. 137, and *Moore* v. *The State, ex rel.,* 49 Ind. 558, the latter cases are overruled.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion.