HURLBURT ET AL. *v.* THE STATE, EX REL. AULT.

No. 7265.

GUARDIAN AND WARD.—*Action on Bond.*—*Variance between Complaint and Copy.*—Where a variance exists between the description of a guardian's bond, in a complaint thereon, and the recitals of the copy of the bond filed therewith, the latter controls.

SAME.—*Joint Bond by respective Guardians of Separate Heirs.*—*No Joint Liability.*—*Mistake.*—*Curative Act.*—In an action against A. and B., on a joint guardian's bond for the sale of their wards' real estate, it appeared by the complaint, that they were separate guardians of separate heirs owning certain real estate as tenants in common ; that the guardians had jointly petitioned for, and obtained, an order for the sale of their respective wards' real estate; that A. had made sale accordingly, received the purchase-money, and failed to account for, or pay over, the same, and had been removed; and that the recital of the bond, that they were joint guardians, was a mistake.

*Held*, on demurrer by B., that the complaint is insufficient as to him.

*Held*, also, that such bond was legalized, as the separate bond of each, by sec. 790 of the code.

From the Porter Circuit Court.

*T. J. Merrifield*, for appellants.

*N. J. Bozarth*, for appellee.

HOWK, J.—This was a suit by the appellee's relator, against the appellants, on an additional guardians' bond given to secure an order for the sale of real estate.

The bond was in the penal sum of three thousand dollars, was payable to the State of Indiana, and was sealed and dated the — day of ——, 185–, by David Hurlburt, John Dunning and Chester Spafford. The condition of the bond was, " that as the above bound David Hurlburt and John Dunning, as guardians of the minor heirs of George Eaton, deceased, have been ordered by the court of common pleas of Porter county to sell the real estate of said heirs : Now, if the said David Hurlburt and John Dunning will faithfully discharge the duties of their said trust according to law, then the above obligation is to be void, else to remain in full force in law."

It appears from the record of this cause, that it was commenced prior to the May term, 1878, of the Porter Circuit Court, by the appellee's relator, Willis Ault, as plaintiff, against the appellants David Hurlburt and John Dunning, and certain other named persons described as the heirs at law of Chester Spafford, deceased, as defendants. Before the trial of the cause, it was dismissed by the relator as to the said heirs at law of said Chester Spafford, deceased, leaving the said Hurlburt and Dunning as the only defendants. They severed in their defence and separately demurred to the relator's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action ; which demurrers were severally overruled by the court, and to these rulings they separately excepted.

The cause, having been put at issue, was tried by the court, and a finding was made for the relator, and against both appellants ; and the said Hurlburt's motion in arrest of judgment having been overruled, and his exception duly saved to this decision, the court rendered judgment in accordance with its finding, from which judgment this appeal is now here prosecuted.

In this court, the appellants have separately assigned errors, which call in question the sufficiency of the relator's complaint, upon their separate demurrers thereto ; and the appellant Hurlburt has also assigned, as errors, the decisions of the circuit court in sustaining the relator's demurrer to the fourth paragraph of his answer, and in overruling his motion in arrest of judgment.

The relator's complaint contains a curious and an anomalous statement of facts. It appears therefrom, that on the 8th day of December, 1855, the appellant John Dunning was appointed and qualified as the guardian of the person and estate of the relator, Willis Ault, as the infant heir of one Julia A. Eaton, deceased, by the court of common pleas

of said Porter county; and that, as the heir at law of said Julia A. Eaton, deceased, the relator was then the owner of an undivided one-fifth interest in certain real estate, particularly described, in said Porter county. It further appears from the relator's complaint, that, on the 22d day of January, 1856, the appellant David Hurlburt was the guardian of the persons and estates of the heirs at law of one George Eaton, deceased, who were then the owners of the undivided three-fifths part of the same real estate.

The relator further alleged in his complaint, that, on said 22d day of January, 1856, the appellants Dunning and Hurlburt filed in said court of common pleas their joint petition for an order authorizing them to sell the said interests of their respective wards in said real estate; that said court made an order for the sale of said real estate, and, on the 14th day of March, 1857, the said Dunning executed his bond, a copy of which was filed therewith, in the sum of three thousand dollars, to the approval of said court, conditioned for the faithful discharge of the duties of his trust, in regard to the sale of said real estate; that said David Hurlburt and Chester Spafford executed said bond, together with said Dunning, and that said bond was conditioned that each of the said obligors should be liable jointly and severally, in case the said Dunning failed to faithfully discharge the duties of his said trust.

On the 1st day of July, 1857, as the relator further averred, the said Dunning sold the relator's interest in said real estate, and received therefor about two hundred dollars; that, on the 25th day of January, 1867, the said Dunning was, on petition, removed from his trust as the guardian of the relator, Willis Ault; that the said Dunning had at all times failed and refused to account for and pay over the proceeds of the sale of the relator's interest in said real estate, and had converted the same

to his own use; and that, before the commencement of this suit, the relator, Willis Ault, had arrived at the full age of twenty-one years.

The question for decision, presented by the errors separately assigned by the appellant David Hurlburt, may be thus stated: Does the relator's complaint in this case state facts sufficient to show, that the said Hurlburt is, or ought to be, liable on the bond in suit to the appellee's relator, for the proceeds of his real estate, sold and received by the said Dunning as his guardian?

There is some conflict between the allegations of the complaint, in regard to the bond in suit, and the copy of the bond therewith filed. It would seem, from the allegations of the complaint, that the appellant Hurlburt was the surety of the appellant Dunning, in the bond in suit; but the copy of the bond, filed with the complaint, shows upon its face that both Dunning and Hurlburt were principals therein. Where such a variance exists between the description of the instrument sued upon, in the complaint, and the copy of such instrument filed therewith, the rule may be regarded as settled in this court, that the copy will control, and will be presumed to be right, until the contrary is shown. *Mercer* v. *Hebert*, 41 Ind. 459; *Stafford* v. *Davidson*, 47 Ind. 319; *Crandall* v. *The First National Bank of Auburn*, 61 Ind. 349; and *Cotton* v. *The State*, 64 Ind. 573.

The complaint does not show, that any of the relator's money or property ever came into the possession of the appellant Hurlburt; but, on the contrary, it charges explicitly, that the appellant Dunning alone received the proceeds of the sale of the relator's real estate. Hurlburt was the guardian of the heirs at law of George Eaton, deceased; but it is not claimed that the relator was one of these heirs, although it was recited in the condition of the bond, that both Hurlburt and Dunning were " guardians of the minor heirs of George Eaton, deceased." In his

complaint in this suit, the relator alleged that this recital in the bond was a mistake, that he was the minor heir of Julia A. Eaton, instead of George Eaton, deceased, and that John Dunning alone was the guardian of his person and estate. We do not think that the facts stated in the relator's complaint show any liability whatever, on the part of the appellant Hurlburt, to the appellee's relator, on account of the proceeds of the sale of his real estate, under the bond in suit. Hurlburt is not liable as the surety of Dunning in said bond, because he did not contract therein as such surety ; and he is not liable as a principal in the bond, to said relator, because it appeared affirmatively in the complaint, that he was not the guardian of said relator and had not received the proceeds of the sale of his real estate, or any part thereof. It seems to us, that under the facts stated in the complaint, and the law applicable thereto, the bond in suit should be regarded and treated as if it were the separate bond of said Dunning and Hurlburt, whereby each of them contracted for himself alone, and not for the other, that he would faithfully discharge the duties of his trust, in regard to the sale of his own ward's real estate, according to law. *The State, ex rel. Wyant,* v. *Wyant,* 67 Ind. 25.

Thus regarded and construed, the bond in suit was subject to the condition, in so far as the appellant Hurlburt was concerned, that he would faithfully discharge the duties of his trust, as guardian of the minor heirs of George Eaton, deceased, according to law. In his complaint, the relator alleged, as we have seen, that he was an heir, not of George Eaton, but of Julia A. Eaton, deceased; that Dunning was the guardian of his person and estate ; and that Hurlburt was the guardian of the persons and estates of the minor heirs of George Eaton, deceased. It was not alleged in the complaint, that the appellant Hurlburt had committed any breach whatsoever of the

condition of his bond, as such guardian, or that he had failed in any particular to faithfully discharge, according to law, the duties of his trust in regard to the sale of his wards' interest in said real estate.

For the reasons given, we are of the opinion, that the relator's complaint did not state facts sufficient to constitute a cause of action in his favor, as against the appellant Hurlburt; and that the court clearly erred in overruling said Hurlburt's demurrer to the complaint, and his motion in arrest of judgment.

But we are of the opinion, that the court committed no error in overruling the demurrer of the appellant Dunning to the relator's complaint. Under the provisions of section 790 of the code, the bond in suit was legalized and made valid and effectual, as against the said Dunning, notwithstanding the alleged mistake therein. This is settled by many decisions of this court. *The State, ex rel. Wyant,* v. *Wyant, supra; Stevenson* v. *The State,* 69 Ind. 257; *Stroup* v. *The State,* 70 Ind. 495; *Stevenson* v. *The State, ante,* p. 52.

The judgment against Dunning is affirmed, at his costs; and the judgment against Hurlburt is reversed, at the relator's costs, and the cause is remanded, with instructions to sustain said Hurlburt's demurrer to the complaint, and for further proceedings, not inconsistent with this opinion.