LIPSCOMB, J.
On the first assignment the appellant contends that the petition does not disclose any cause of action ; that it shows that plaintiff and the intestate of the defendant were coadministrators of Leander Smith; and that until slid had settled up with the. court and the creditors and distributees of the estate she cannot maintain a suit against the other, and that then only for such balance as she may have been compelled to pay out of her own funds in consequence of the misapplication of the assets of the estate by the other. It is contended that this is the necessary result of the relations subsisting between coadministrators, as they stand as sureties for each other. That they stand as sureties for each other cannot be controverted ; the one is res2ionsible for the mal-admiuistration of the other. It does not, however, follow ns a consequence that no suit can be sustained by the injured party until the injury has been consummated. If one is in possession of most of the, assets of tiie estate, ami is misapplying and squandering- them, the liability of the other to be seriously injured is a sufficient ground for relief, on the plain and acknowledged principles of equity jurisprudence. Were it otherwise the injured party would often be entirely remediless, as the means of reimbursement might lie placed beyond the control of the court and the delinquent administrator totally insolvent. In cases of copartnership courts will interpose and, as far as can be done, protect one partner against the misconduct and fraud of another, and would lie disposed to go much further in cases of joint trustees whose trust involved the rights and interest of others more than their own.
If, however, it were conceded that one coadministrator could not sue the other, it is believed the concession would not be available in support of the demurrer in this case. 'The proposition that no suit can be sustained against the administrator if it could not have been sustained against his intestate may, ns a general one, be true; but that it is subject to many exceptions is manifest. If the relations subsisting between coadministrators interposed an obstacle to a suit by one of them against the other, it would not continue after those relations had' been dissolved. This dissolution could be effected by the resignation, removal, or by the death of one of them. In the ease before us it was effected by the death of the coadministrator, and thereby the survivor became sole administratrix. And there is no ride known to our jurisprudence that will prohibit her from pursuing by suit the assets belonging to tiie estate of her intestate, in whosesoever hands tliey may be found.
There was no other person authorized to receive the assets in tiie hands of the appellant but the survivor of his intestate; and had there been no survivor he could only have settled with tiie administrator de bonis non of Leander Smith. AVe believe tiie petition discloses a good cause of action.
Tiie views expressed in the discussion of the appellant’s first assignment of error are decisive of tiie second. It was raised on the assumption that this suit rested for its support on article 1021 of Hartley’s Digest. But the suit is wholly independent of the statute, and not in any degree influenced by its provisions. 'That statute was designed to operate upon a different state of facts. The right to bring this suit and of the District Court to entertain it is founded in the general jurisdiction of the District Court.
Tiie last assignment of error, that the court erred in overruling the appellant's motion for a new trial, will be examined. Whether a new trial ought to llave been granted depends mainly on the legality of allowing interest oil the principal. That interest is the creature of positive law, created by statute,' decree, or ordinance of the law-making power, is a proposition repeatedly acknowledged to be true by this court. And it lias been held that this interest was fixed by the Mexican law in force prior to the act of the Congress of Texas of the 18th January, 1S40, at live per cent.; that it accrued on a moil- *244 eyed claim from the time that it was due and payable, if such time was expressed in the contract or agreement of the parlies. And it is believed that if no time of payment was agreed on it could only accrue from the time of express demand proven or from the date of the judicial demand. William D. Smith, the appellant’s intestate, certainly had a right to hold the assets until a judicial 'demand had been made upon him, either by a call for a settlement of his accounts by the Probate Court, or some judicial proceeding on the part of the coadministrator, and consequently interest could not accrue until so called. It this had been done prior to the passage of the act of the Congress of Texas above referred to it might perhaps have been successfully contended that his estate was liable, to pay interest on the principal sum by him withheld at the rate of five per cent. This not having been done during his life, and lie, dying in August, 1840, after the passage of the statute of the Republic above referred to regulating interest, it would seem that the right to recover interest must, if sustainable at all, be under the provisions of tliat act. It is believed that the second section of the act (I-Iard. Dig., art. 1607) is decisive of the question raised by the appellant. It is in the following words: “ That on all written contract's ascertaining the sum due, when no specific premium or rate of interest is expressed, interest shall he taken, recovered, and allowed at the rate of eight per cent, per annum from and after the said sum is due and payable.’’
Under this section it lias been decided by this court (Cloud v. Smith & Adriance, 1 Tex. R., 105) that no interest could ho allowed unless the demand was supported by “a written contract ascertaining the sum due.”
We do not decide that interest could' not have been allowed under the old law if it liad been proven that the administrator liad made the assets available to himself before the introduction of the now statute by paying his own individual debts, by loaning the proceeds at interest, or purchasing property with the assets. We only say that the mere fact of his holding such assets is not sufficient to give a right to demand from him interest.
There is a receipt found in the record that produces some dissatisfaction with the verdict, though not sufficient of itself to have authorized a reversal of tlie judgment, because it is not referred to in the statement of facts, and consequently it cannot be taken to have been proven. The counsel for appellee admitted in his argument that the appellant was entitled to the benefit of it as a credit.
On the last ground, that interest was found by the jury, we believe the motion for a new trial ought to have been granted, and for this error the judgment must be reversed and the cause remanded.
Judgment reversed.
Wheeler, J. Having been of counsel in this case, I did not sit.