T. A. KEOWNE ET AL. V. K. J. LOVE ET AL.

(Case No. 1734)

1. ASSIGNMENT OF ERROR—PRACTICE.—An assignment of error that the court erred in overruling exceptions to plaintiff's petition, there being a large number of special exceptions overruled, is too general to be considered.

2. ADMINISTRATION — LIABILITY — SURETIES — PRACTICE—LIMITATION—EVIDENCE.—In 1867 two joint administrators gave a joint and several bond, and in 1869 were required by the county court to give a new bond. One of the sureties on the new bond died in 1879, having previously deposited a large amount of property with the sureties on his second bond as security. One of the administrators died in 1872, being largely indebted to the estate, and the administration was continued by the remaining administrator under the same bond. No steps were taken by the surviving administrator to collect the debt. Suit was brought by the heirs and an assignee of one of the heirs against the two sets of sureties, the surviving administrator, the administrator of the deceased surety, and the administrators of the deceased administrator. *Held:*

(1) That whether the property placed in the hands of the second set of sureties belonged to the estate or to the administrator, it could not affect plaintiff's right to recover from the sureties. Their liability depended on their bond and the existence of facts showing liability on the part of their principals.

(2) An investigation was necessary to show which set of sureties was liable, or whether both were liable, and the court had jurisdiction over them for that purpose, which did not depend on what might be the ultimate determination. Both sets were properly made parties.

(3) It was a matter of indifference to defendants whether the judgment in favor of the assignee of one of the heirs gave him the interest of that heir or

not; the judgment in favor of the heirs and the assignee would be a bar to any further action by them against defendants.

(4) The statute of limitations, pleaded by demurrer, went to the entire cause of action asserted by each and every one of plaintiffs, and if the pleadings showed that some of the plaintiffs were laboring under such disabilities as would prevent the running of the statute, the demurrer should have been overruled.

(5) Under the statute, it was the duty of the surviving administrator to recover from the estate of the deceased administrator and his sureties any part of the estate for which he was accountable. (P. D., 5740; Davis v. Thorn, 6 Tex., 485.)

(6) A failure so to do until limitation had run against the right, would have been a breach of the bond, for which the surviving administrator and the sureties would have been liable.

(7) See statement of facts and opinion for declarations of the deceased administrator held to be admissible, and for declarations held not admissible.

(8) If evidence was produced admissible against the representatives of the deceased administrator, but not against the sureties, the sureties should have protected themselves by asking a charge to the effect that such evidence could not be considered against them, and not by objecting to the introduction of the evidence.

(9) The facts that the deceased administrator died testate, that his will was probated and an executrix qualified, and that the estate went into her hands valued at $10,000, did not authorize a judgment against the executrix individually, nor the seizure and sale of property not belonging to the estate.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

Appellees, plaintiffs in the court below, alleged substantially that plaintiffs, except W. H. Poland, were the only heirs of Rene Fitzpatrick, who died in December, 1866; that A. Pope and T. A. Jones (now Keowne) were, in July 1867, legally appointed administrators of his estate and duly qualified as such, executing a bond for $60,000, with Womack, Ward and Lee as sureties; that letters were duly issued to Pope and Jones, and thereafter Pope, as one of the administrators, received thereby $33,000, the property of the estate, and that in August, 1867, he converted the same to his own use; that in July, 1869, the administrators were required by the county court to give a new bond, which they did about that time, Hall, Burnham and Hargrove being sureties thereon; that the bond was duly filed and approved; that R. H. Hargrove, one of the sureties on the new bond, died in 1879, leaving a will and a large estate, and Ann E. Hargrove was appointed, and was then acting as independent executrix of same; that when the new bond was given, Pope had in his hands, as one of the administrators, $35,000 in money, the property of the estate, and that about that date he converted it to his own use; that Pope died in 1872, indebted to the estate of Fitzpatrick in the sum of $50,000; that two of the defendants were appointed his

administrators, and it was shown that the administrator, Keowne, took no steps to collect from Pope's representatives the amount of money belonging to Fitzpatrick's estate that he had converted to his own use, and that in November, 1881, Keowne was removed from the administration of the estate.

That the interest of George H. Slaughter in the Fitzpatrick estate was transferred to W. H. Poland in April, 1872, by power of attorney ; that at the time Pope and Jones executed the new bond, Pope, as administrator of the Fitzpatrick estate, had in his hands about $17,500 in money of the estate; that during the time Pope administered the estate under the first bond, he became, with Hall, Burnham and Hargrove, sureties on the second bond, a dealer in stocks, and they invested about $17,500 of the estate funds in Southern Pacific railroad stocks, and his sureties on his first bond being uneasy, required him to give a new bond, whice he did as before stated, with Hall, Burnham and Hargrove as sureties ; that the last named persons became such sureties upon Pope's depositing with them, as security, the stock, which was of the value of $25,000, and that the sureties converted the same to their own use.

Defendants answered by pleas in abatement, setting up misjoinder of parties defendant and of causes of action, and made the same point by special exception ; they pleaded a general denial, the statute of limitations of four years, and that the plaintiffs perpetrated a fraud on the jurisdiction of the court in alleging the purchase by Pope, in conjunction with the sureties on the new bond, of railroad stock, during the existence of the first bond, the turning of the same over to the sureties and its conversion by them. They also set up various other matters of defense.

Plaintiffs filed general and special exceptions to the answer, and the court sustained special exceptions to the plea in abatement for misjoinder of parties defendant and causes of action. The case was tried before a jury, and they returned findings upon special issues submitted by the court, and upon the verdict the court gave judgment in favor of plaintiffs against the defendant, A. E. Hargrove, as executrix of the last will of R. H. Hargrove, deceased, and others, for the sum of $15,744.80 ; and the court gave judgment against the defendant, A. E. Hargrove, in her individual capacity, for $10,000, part of said $15,744.80. Defendant, A. E. Hargrove, and other defendants, filed motion to recover judgment against plaintiffs upon the special findings of the jury, which motion the court overruled.

James Turner testified, that on two or three trials between the heirs of the estate, with a view to partition, the deceased adminis-

trator, Pope, was a party, and testified that he had about $19,600 in coin, received by him as administrator of Rene Fitzpatrick; that he also held, as administrator, four or five thousand dollars in notes, the proceeds of the sale of personal property of the estate. Turner stated that the trials referred to took place about the years 1868 and 1869. J. W. Pope, son of the administrator, testified substantially what Turner did, all of which testimony was admitted over defendants sureties' objections. J. W. Pope also testified, over the objection of the sureties, that his father told him, in a conversation in the spring of 1870, that he was ready to settle with the Fitzpatricks, and could do it the next day. J. W. Pope further testified that he made out, under the direction of the father, exhibits to be filed in the probate court, showing the condition of the estate.

The fifteenth assignment of error was, the court erred in sustaining plaintiffs' special exceptions to appellant's answer, especially that which set up the statute of limitations of four years.

W. & N. A. Steadman, for appellant, A. E. Hargrove, cited: Love v. Keowne, 58 Tex., 200; Clegg v. Varnell, 18 Tex., 301· Frost v. Frost, 45 Tex., 340; Johnson v. Davis, 7 Tex., 173.

R. L. Hightower, Geo. Lane and T. P. Young, for appellees.

STAYTON, ASSOCIATE JUSTICE.—The first assignment points out no particular error, but simply alleges that the court erred in overruling exceptions to plaintiffs' petition. There were as many as twenty special exceptions filed and overruled, and it is well settled in such cases that an assignment such as is found in this record cannot be considered.

It is urged that the court erred in refusing to enter a judgment on the verdict for the defendants on their motion. The proper joinder of the sureties on the first and second bonds executed by the administrators was passed upon on the former appeal of this case, and the fact that the indemnity placed in the hands of the second set of sureties by one of the administrators was his own property and not the property of the estate, as alleged by the plaintiffs, cannot prejudice the right of the plaintiffs to a judgment against the sureties shown to be liable. They are protected as fully in the one case as in the other.

The question whether they were protected by property placed in their hands to indemnify them, however, does not affect the question of their liability to the plaintiffs, for that liability depends on their

bond and the existence of facts which show liability on the part of their principals. An investigation became necessary to determine which set of sureties were liable, or whether both were liable for the whole or a part of the assets of the estate, and the court had jurisdiction over them for that purpose, which did not depend upon what might be the ultimate determination. The fact that the second set of sureties alone were found to be liable would furnish no ground whatever for rendering a judgment in their favor because the sureties on the first bond were found not to be liable. Both sets of sureties were properly joined, and, as it should have been, the judgment was rendered against those found liable.

All the persons having an interest in the estate were before the court, and it is a matter of indifference to the defendants whether the judgment in favor of Poland would give to him the interest of George W. Slaughter in the estate. The judgment is in favor of Slaughter's heirs as well as Poland, and would be a bar to any further action by them against the defendants on the same cause of action. The petition, which was the pleading of Slaughter's heirs as well as of Poland, alleged that Slaughter had conveyed his interest in the estate to Poland, and if they were content so to have it the defendants have no ground of complaint. The right of Poland as against the heirs of Slaughter, as presented by the proof, is not before us for determination.

The fifteenth assignment of error cannot be considered, except in so far as it relates to the ruling of the court in sustaining an exception to the defendant Hargrove's plea of the statute of limitation. An inspection of the record does not show any such ruling of the court. Such a plea was filed by the defendants representing the sureties Hall, Burnham and Hargrove, but no exceptions to it were filed. The assignment does not question the correctness of the judgment rendered on the verdict on the ground that it did not find facts which would prevent the running of the statute as to some of the plaintiffs, if it ran against such of the plaintiffs as were not shown to have been under disability at the time of the death of one of the administrators.

It appears, however, that they set up the same defense by demurrer, and that this was overruled. There is doubt whether we can regard the assignment made as applicable to this ruling, for it does not in terms cover it. The ruling on the demurrer was necessarily correct, for the demurrer went to the entire cause of action asserted by each and every one of the plaintiffs, while many of them were shown by the pleadings to have been under such disabilities as would

prevent the running of the statute as to them prior to the institution of this suit, even if as against persons not under disability, the statute, as to any part of the cause of action, would have run from the time of the death of the administrator Pope.

We are of the opinion however, under the facts of the case, that limitation did not run against any of the plaintiffs as to any part of the cause of action from the death of the administrator Pope. The administration was a joint administration under a joint and several bond, executed by the two administrators as principals, and by Hall, Burnham and Hargrove as sureties, and on the death of one of the administrators the administration was continued by the other under the same bond until about the time this suit was instituted, as the statute permitted. P. D., 5740; People v. Byron, 3 Johnson's cases. The sureties were liable on the bond for the failure of the surviving administrator to fully comply with the conditions thereof, and by the statute it was made the duty of such surviving administrator to recover from the estate of the deceased administrator and his sureties any part of the estate which was in his hands or for which he was accountable. P. D., 5740; Davis v. Thorn, 6 Tex., 485. A failure so to do until limitation had run against the right would be a breach of the bond.

The sureties became liable for the acts of one or both of the administrators, while each of the administrators under the bond stood as surety for the other; hence, even during the lifetime of a co-administrator, the other may maintain an action against him if he be misapplying the assets of the estate, as may he, and so is he in duty bound to do, against his estate and the sureties on his bond, should he die or be removed after having misapplied assets of the estate, or with them in his hands. Davis v. Thorn, 6 Tex., 482; Dean v. Duffield, 8 Tex., 236; P. D., 5740.

The surviving administrator was liable under the bond for acts which transpired before the death of her co-administrator. The sureties were her sureties and liable for whatever she was liable under the bond, and limitation did not begin to run against her or her sureties until about the time this action was brought. Appeals were perfected by the representatives of the deceased administrator, who filed assignments of error, and by the representatives of the sureties Hall and Hargrove, the latter only filing assignments of error. There is no appearance here for any parties except the representative of the estate of Hargrove, and it is therefore unnecessary to consider what would be the operation of the statute of limitation as to the estate of the deceased administrator under all the facts appearing in the record.

Whether where it is said that one administrator acting with another under a joint and several bond is surety for the other, it is meant that one of the administrators shall be responsible for the acts of the other only so long as they both continue in the admistration, or whether it is meant that the relation of one who has ceased by death, resignation or removal, to be an administrator, is such, by reason of his signature to the bond, as will bind his estate as though he had signed as surety for the subsequent acts of the surviving administrator, is a subject of controversy. There are authorities which hold the latter proposition. Moore *v.* State, 49 Ind., 558; Braxton *v.* State, 25 Ind., 87. It is not necessary for us to determine what the true rule in this respect is.

We are of the opinion that so much of the declarations of the deceased administrator in reference to the estate in his hands after the second bond was executed, made by him as a witness in a cause in which as administrator he was a party, in which the estate he was administering was in litigation between the heirs with a view to partition, as was detailed by the witnesses, Turner and Pope, was admissible. It was necessary in that case to ascertain what constituted the estate and in whose hands it was. The estate was then in course of administration. The declarations were such as it was necessary and proper for the administrator in the proper conduct of the estate to make, as much as it was his duty to return to the probate court, as required by law, exhibits showing the condition of the estate, and they must be considered as *res gestœ.* Amherst Bank *v.* Root, 2 Metcalf, 541 ; Bank *v.* Smith, 12 Allen, 249 ; Pendleton *v.* Bank, 3 Monroe, 181 ; Placer *v.* Dickerson, 45 Cal., 15 ; Lacoste *v.* Bexar county, 28 Tex., 421.

The declarations proved by the witness Pope, other than those referred to, except such as were made by the deceased to the witness when engaged in preparing for him exhibits of the condition of the estate which the law required him to file from time to time in the probate court, were probably not admissible to establish a claim against the sureties; but they were admissible against the representatives of the deceased, and if the sureties sought or desired to limit their operation, this should have been done by requesting a charge to the effect that such evidence could only be considered against the representatives of the deceased, and not by objecting to the introduction of the evidence.

Mrs. Ann E. Hargrove is sued as the executrix of the will of R. H. Hargrove, and judgment proper in all respects was entered against her as executrix; but it then proceeds to establish a personal liability

on the part of Ann E. Hargrove to the plaintiffs for $10,000, and to direct that such execution as might issue should be levied upon "any individual property of Ann E. Hargrove" to make that sum. This judgment was doubtless rendered against Mrs. Hargrove personally for $10,000 on account of evidence found in the record which tended to show that as sole legatee or devisee she had received property of that value from the estate of the surety Hargrove.

Special issues were submitted to the jury and thereon they made findings, and these must be the basis of the judgment. The findings on this issue were: That Hargrove died testate; that his will had been probated; that Ann E. Hargrove had qualified as executrix, and that "the estate went into her hands valued at $10,000." This finding did not authorize a judgment against Ann E. Hargrove individually, nor the seizure and sale of other property than such as may belong to the estate subject to execution in her hands as an independent executrix.

The judgment of the court below will be reversed and set aside in so far as it goes against Ann E. Hargrove individually, and authorizes execution to run against her individual property; but as there is no error found, the judgment in all other respects will be affirmed, Ann E. Hargrove to recover all costs incurred on this appeal by her   It is so ordered.

REVERSED AND SET ASIDE IN PART.

[Opinion delivered November 6, 1885.]

Chief Justice Willie did not sit in this case.